Moncure, P.,
delivered the opinion of the court.
The first error assigned by the appellant, in the decree appealed from, is, that it sustains the plaintiff’s exception to commissioner White’s report: the said exception being, “because the commissioner allows defendant war interest; and, whilst not allowing war interest to be charged on the bond in the proceedings mentioned for the period of the late war, deducts from the principal the scaled value of the Confederate money, which was paid on account of interest during that time.
The said decree appealed from was pronounced on the 23d day of May 1872, and therefore the act in force April 2, 1873, entitled “an act to.amend and re-enact section 14 of chapter 187 of the Code of 1860, in relation to interest,” acts of Assembly 1872-73, page 344, chap. 353, does not apply to this case, and it is unnecessary, and would be improper, to express any opinion in regard to the validity of so much of said act as relates to the remission of interest on contracts from the 17th day of April 1861 to the 10th day of April 1865 ; especially as that question is understood to be involved in other cases now pending in this court.
Nor is it necessary to decide the question, very much *276 and ably discussed 111 this case, whether interest on any J , J contract, for the period aforesaid, or any part thereof, lawfully be remitted by a court or jury, merely because of the existence of the war during that period. Both the debtor and the creditor were citizetis of the Confederate States, and resided therein, and in the neighborhood of each other, during the whole war.
There are two plain and undeniable propositions, on which the question involved in the first assignment of error depends, which are decisive of the question in favor of the appellant; and they are:
1st. That the debtor bound herself by contract to pay, not only the principal of the debt, but interest thereon, til payment'; and,
2dly. That the interest which accrued on the principal, during the' war, was actually paid, annually, by the debtor to the holder and owner of the bond.
In regard to the first of these two propositions: The debt was ior $2,000, loaned to the debtor, Anna Seigfried, on the 27th day of March 1852, by Anne C. Morris, guardian of James M. Morris. It was an investment, by the guardian, of so much of the ward’s money; and tor its security, the borrower executed her bond, payable to the said guardian twelve months after date, with interest from the date, and a deed of trust on a tract of land, containing 705 acres, lying in the county of Albemarle. The principal of the debt was not paid at its maturity, twelve months after the date of the bond, to wit: on the 27th day of- March, 1853; nor was any part of it paid until the 30th day of December 1870, when it appears that a payment of five hundred dollars was made on account of the bond. But the interest was ato doubt punctually paid annually as it accrued, at least down to the 26th day of March 1868. This appears to liave been certainly the case as to all the interest which *277 accrued durum the war, which is regularly credited on , T n ;. , , , the bond. In fact all the interest which accrued on the bond down to the 26th of March 1870, was credited by endorsements on the bond, except the interest for the last two years, $240, which was plaid by a check, dated March 14th, 1870. It is manifest from these facts, that this was a permanent loan and investment of two thousand dollars of the ward’s money; of which, by an understanding and agreement between the parties the borrower was to have the use, in consideration of which use, and so long as it continued, she was to pay, punctually, to the lender, the annual interest accruing on the bond. Certainly, the use of money is a valuable and legal consideration for a promise to pay legal interest thereon; and even an act of the legislature passed to annul or impair such a promise, would be unconstitutional and void. Of course a decree, declaring such a promise to be void, even in the absence of such au act, must therefore be erroneous.
In regard to the second of the said two propositions : There cannot be a reasonable doubt, but that the interest which accrued upon the bond during the war, was actually paid, annually, by the debtor to the creditor. The exact amount of the annual interest is regularly credited on the bond, on or about the very day on which it accrued ; and these payments must have been intended by the debtor to be in discharge of the interest, and not on account of the principal of the debt. 3STo doubt, receipts were given by the creditor to the debtor, corresponding with the credits of interest endorsed on the bond. In one of these endorsements, such a receipt is expressly referred to. These receipts, no doubt, are in the hands of the debtor; and would, if produced, show clearly, as the endorsements show, that they were given for interest, and not on account of the principal of the debt. It *278 is fair to presume, that these endorsements, or some of them at least, (and they are numerous, and all of them are, expressly, for interest to date,) were made in the presence, and with the knowledge and consent of the debtor. The loan having been made in good money; not only the principal, but the interest also, was demand-able in good money; and yet, the holder of the bond was content to receive, and did actually receive, all the interest which accrued during the war, in Confederate money, though greatly depreciated most of the time. The interest which accrued for the last year of that time, and which became due on the 26th of March, 1865, and was then paid, though $120 in amouut in Confederate money, .was worth in gold, when paid, but one dollar and eighty-four cents. By sustaining the exception to the commissioner’s report, the court below deprived the creditor of the benefit of these reduced payments of interest, and caused them to be applied to the reduction of the principal.
We are therefore of opinion that the Circuit court erred in sustaining the plaintiff’s exception to the commissioner’s report, and instead of sustaining ought to have overruled the said exception.
The appellant’s second assignment of error is, that the decree “did not dissolve the injunction, as to the amount due upon the bond, according to commissioner White’s original report, and leave petitioner to make the same by selling under his deed of trust. The plaintiff had no cause for going into a court of chancery,” &c.
We think the plaintiff had a right to go into a court of chancery, at least for the purpose of having the precise balance due upon the debt ascertained by an account, if not for the purpose of ascertaining by an enquiry who was entitled to the bond, of which there had been many different holders, of whom some were trus *279 tees for the benefit of persons under disability. And having ascertained, by such an account and enquiry, the balance due upon the debt, and who was certainly entitled to receive the same, it was competent for the court, in the exercise of a sound discretion, either to have dissolved the injunction as to the balance due upon the debt and interest, and left the appellant to make the same by selling under his deed of trust, or to have had the trust executed by a commissioner appointed by the court, and under its immediate supervision and direction.
We are therefore of the opinion that the Circuit court did not err in the respect mentioned in the second assignment of'error.
The appellant’s third assignment of error is, that “ if the court was right in refusing to dissolve the injunction and in assuming to administer the trust, it erred in wholly setting aside and annulling the deed of trust, except so far as to give a lien for the debt. The substitution of commissioners of sale in lieu of the trustees named in the deed, and the direction to sell on one, two and three years’ credit, instead of for cash, at least to the extent of the debt due, are plain violations of the contract between the parties, and the latter provision is highly injurious to the rights of the creditor; since after Having been kept at bay, for ten months, by the debtor, he is now to be delayed in the collection of the debt, at the least, thirteen months, and quite probably several years longer; for there may be a succession of sales before a dollar of the purchase money, applicable to the payment of the debt, is realized.”
Of course the court had not a right to set aside and annul the deed of trust in any respect, and therefore had not a right, without the consent of the creditor, to decree a sale on one, two and three years’ credit, instead *280 of for cash, at least to the extent of the expenses of executing the trust and of the balance due on account of the debt and interest. But, as we have already said, the court, in the exercise of a sound discretion, had authority to substitute commissioners of sale in lieu of the trustees named in the deed. "We therefore think the Circuit court erred, to the extent just indicated, in regard to the matter set out in the third assignment of error; which is the last one made by the appellant.
But the appellee, the plaintiff in the court below, in the ai’gument of her counsel in this court, assigned an error in the decree of the 23d of April 1872, and asked this court to correct it; viz : that the said decree directs the whole of the laud to be sold, instead of only so much thereof as was necessary to pay the debt. The deed directs the whole tract to be sold for cash, and after satisfying-the expenses attending the sale and trust, that the balance due upon the debt and interest shall be paid to the creditor, and the residue of the trust fund shall be paid to the debtor or her representative. Of course the creditor is interested only in getting the full amount of the balance due upon the debt and interest without any unnecessary delay: And if the debtor, or her representatives or ássigns, desire credit to be given for the payment of the residue of the purchase money which will be coming to her or them; or that a particular and designated portion of the land, fully adequate, by a sale for cash, to produce the amount of said expenses and of the balance due on account of said debt and interest, such desire ought to be carried into effect by the court, below.
"We are therefore of opinion, that so much of the decree appealed from as is in conflict with the foregoing opinion, is erroneous, and ought to be reversed and annulled, with costs to the appellant; and the resi *281 due thereof affirmed; that the true balance due on account of the debt and interest secured by the said deed of trust, is fourteen hundred and seventy-eight dollars and fifty-five cents, with legal interest on thirteen hundred and ninety-six dollars and sixty-two cents, part thereof, from the first day of January 1872 till paid, for the payment of which balance and interest the appellant is entitled to have the deed of trust enforced and executed ; and that the cause should be remanded to the said Circuit court, for further proceedings to be had therein, in conformity with the foregoing opinion.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred in sustaining the exception of the plaintiff in the court below, to commissioner White’s original report; and instead of sustaining, ought to have overruled, the said exception.
The court is further of opinion, that the said plaintiff had a right to go into a court of chancery, at least for the purpose of having the precise balance due upon the bond in the proceedings mentioned, ascertained by an account; if not for the purpose of ascertaining, by an enquiry, who was entitled to the said bond, of which there had been many different holders, of whom some were trustees for the benefit of persons under disability: And having ascertained, by such an account and enquiry, the balance due upon the said bond, and who was certainly entitled to receive the same, it was competent for the court, in the exercise of a sound discretion, either to have dissolved the injunction, as to the balance due upon the debt and interest, and left the appellant to cause the same to be made by a sale, under, and in pur *282 suance of, the deed of trust; or to have had the trust ■ . . executed by a commissioner appointed by the court, and its immediate supervision and direction.
The court is further of opinion, that thé Circuit court had not a right to set aside and annul the deed of trust in any respect; and therefore had not a right, without the consent of the appellant, to decree a sale on one, two and three years’ credit, instead of for cash; at least to the extent of the expenses of executing the trust and of the balance due on account of the debt and interest secured by the said deed. Of course the creditor is interested only in getting the full amount of the balance due upon the debt and interest aforesaid, without any unnecessary delay; and if the debtor, or her assigns, desire credit to be given for the payment of the residue of the purchase money of the said land, which will be coming to her or them, after satisfying the purposes of the trust; or that a particular and designated portion of the land, fully adequate, by a sale for cash, to produce the amount of said expenses and of the balance due on account of said debt and interest, such desire ought to be carried into effect by the court below.
The court is further of opinion, that the true balance due on account of the debt and interest secured by the said deed of trust is fourteen hundred and seventy-eight dollars and fifty-five cents, with legal interest on thirteen hundred and ninety-six dollars and sixty-two cents, part thereof, from the first day of January 1872 till paid, according to the said original report of commissioner White; for the payment of which said balance and interest, the appellant is entitled to have the said deed of trust enforced and executed as aforesaid.
Therefore, it is decreed and ordered, that so much of the decree appealed from as is in coniifit with the fore *283 going opiuion, be reversed and annulled, and the residue •thereof affirmed, and that the appellee, Anna C. Seigfried, pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And it is ordered, that the cause be remanded to the said Circuit court, for further proceedings to be had therein, to a •final decree, in conformity with the foregoing opinion.
Which is ordered to be certified to the said Circuit -court of Albemarle county.
Decree reversed.