Burks, J.
This case presents the question as to the validity of a sale made by a trustee under a deed given to secure the payment of debts.
On the 17th of January, 1859, Samuel C. White by deed of that date conveyed his tract of land called “ Temple Farm,” lying in York county, Virginia, to W. S. Peachy, in trust to secure the payment of $8,000, with interest, to James P. Selby. By deed of the 81st of May, 1866, he conveyed the equity of redemption of this deed of trust to Nathaniel F. Williams, of Baltimore, to secure the payment to. Martha 35. Williams and Clara M. Hewson, of Baltimore, to each the sum of $1,000 and interest, for money borrowed of them. Williams (the trustee) on the 17th *659 •of July, 1869, made sale by public auction at Baltimore, of the equity of redemption conveyed to him ■by the last-named deed, and the said Clara M. Hewson becoming the purchaser, he conveyed the same to her by deed dated 23d of July, 1869.
Clara M. Hewson afterwards sold the equity of redemption to William D. Shurtz (the appellant here) •and conveyed the same to him by deed of the 28th of February, 1870.
After the making of the trust deed aforesaid, but precisely when does not appear, White made a contract with Anthony M. Kimber and others, of Philadelphia, for the sale to them of eighty acres of the uTemple Farm;” but this contract was never carried out, and after the purchase of the equity of redemption by Hewson, it was rescinded.
On the 5th day of November, 1859, William K. Merritt & Co. recovered two judgments against White in the circuit court of Accomac county, which were never docketed in the county of York, where “ Temple Farm” lies, until the 21st day of May, 1867.
Abel T. Johnson and B. K. Sneed, (appellees here) claiming, as sureties of White on an injunction bond, to have paid off these judgments, filed their bill in the circuit court for the county of James City and the ■city of, Williamsburg, against Shurtz, N. F. Williams, (trustee), Clara M. Hewson and others, to set aside the ■sales aforesaid, and subject the equity of redemption to the payment of said judgments.
Shurtz, Williams, (trustee), Martha B. Williams, •and Clara M. Hewson filed answers to the bill, and the cause having been matured as to all of the defendants, was removed to the circuit court of Gloucester county, where it was heard on the bill, answers and ■exhibits, (no depositions having been taken), and a *660 decree entered setting aside the sale to Hewson by-Williams (trustee), and ordering certain accounts,. ' which need not be noticed. An appeal from this decree allowed to Shurtz and Hewson brings the case here for review.
It is admitted that the sale by the trustee was made at Baltimore, in the state of Maryland. The estate sold was an equitable interest in lands lying in the-state of Virginia; and it is contended that the trustee-had no power under the laws of this state to make sale at a place outside its limits and beyond its jurisdiction, and for this reason alone, if for no other, the sale was invalid; and such seems to have been the ground on which the decree complained of was based.
I know of no law of this state forbidding such a sale,, and no decision of any court has been cited in support of the general proposition, that a trustee who is invested with power to make sale of real estate for the payment of debts, without express limitation as to the place of sale, cannot lawfully make such sale at a place outside the territory and beyond the jurisdiction of the state in which such real estate may be. The powers of' the trustee must be determined from an examination of the deed under which he acted. The deed speaks this language: “Should said Samqel O. White fail to pay or cause to be paid such sums of money, or any interest, as the same becomes due and payable, it shall be the right and privilege of the said Nathaniel P. Williams, trustee, his heirs or successors, immediately upon such default to advertise for sale the whole or any part of the hereby mortgaged property in such public manner, and for such length of time, (not lesa than thirty days), and at such place as he or they may think proper, and after having done so, to sell said *661 ■property at public auction for cash or on credit, at his or their option, and apply the proceeds of sale, &c.”
It thus appears that neither Baltimore nor any other place is specially designated in the deed as the place where the sale is to be made, but, by the plainest implication, the selection of such place is left to the discretion óf the trustee, as is usual in deeds of this character.
It may not be doubted, therefore, that the trustee had the power under the deed to make the sale at Baltimore, or at any other place which he in his discretion •might select. The real and only question is, whether he exercised that power fairly and prudently; in other words, whether he committed a breach of trust. The statement in the answer, that at the time the deed was executed there was a parol agreement amongst the parties that the sale, in case of default, should be made at Baltimore, cannot be considered. It is an •affirmative statement; and if, when proved, it had been competent evidence, still it was not proved.
In a deed of trust to secure tbe payment of debts, the trustee is the agent of both parties, debtor and creditor, and should act impartially between them; and in making sale of the trust subject he should use all reasonable diligence to obtain the best price. And if there be any cloud hanging over the title or uncertainty as to the amounts of the debts secured, or of prior encumbrances, or any other impediment to the fair execution of the trust which cannot be otherwise removed, the aid of a court of equity should be invoked by him to remove the impediment before sale; and if he fail or refuse to resort to the court for that purpose, the parties in interest who may be injured.by his default, whether debtor, secured creditor, or subsequent encumbrancer, may apply to the court for relief. *662 Rossett v. Fisher, 11 Gratt. 492, and cases there cited; Hogan v. Duke & als., 20 Gratt. 244.
The .gravamen of the bill in this case is, that the sale-was in Baltimore, outside the limits of this state; that no notice of the time and place of sale was ever published at any place in this state; and that the property was sold while it was heavily encumbered with prior liens, and while clouds were hanging over the title, and was consequently sacrificed and sold for much less than' it would have brought at a fair sale made in the county of York or its vicinity. These allegations the several defendants were called upon to answer on oath; and Samuel C. White, Nathaniel F. Williams (the trustee), Martha E. Williams and Clara M. Hewson were especially required to discover and state the consideration,, if any, for the deed of trust executed to Williams (trustee); whether the sale by said trustee was not made in Baltimore, and at the instance and request of the said Samuel C. White; and whether any notice of the said sale was ever published or given in the county of York, in the state of Virginia, or in any other part of said state.
The defendants, N. F. Williams (trustee), Martha E. Williams and Clara M. Hewson, in their joint and several answer, state, as required by the bill, the consideration of the deed made to said trustee, and say that it was for money loaned by Martha E. Williams and Clara M. Hewson to the said Samuel C. White;, and in that connection they state the circumstances under which the loan was made. They admit that the sale was made in Baltimore, and state the facts, and circumstances attending the sale. They deny that the sale was made, as alleged in the bill, at the instance and request of Samuel C. White. They further deny that no notice of the sale was published in Vir *663 ginia, as alleged in the bill; and state that notice was given by advertisement in the Baltimore Daily Sun for thirty consecutive days, and a copy of the advertisement is filed with their answer; and in direct response to the inquiry of the bill, they say that notice of the sale was given and published in the county of York, in the state of Virginia, and elsewhere. They expressly an.d positively deny that there was any cloud hanging over the title at the time of sale, and state the amount of the encumbrances, which amount was known at the day of sale. They deny that the property was sacrificed, as alleged in the bill, or that it would have brought more money if it had been sold in Virginia; and aver that the sale was fair and for an adequate price. The affirmative averments in the answer as to repeated ineffectual efforts to sell the land, and as to other matters, need not be noticed, as no proof was offered in support of them.
When the complainant in a bill in chancery calls upon the defendant to answer on oath material allegations of the bill, and the defendant in his answer made on oath, expressly, directly and positively denies the truth of such allegations, or when the bill calls for a material disclosure from the defendant on oath, and the defendant in his answer on oath makes such disclosure fully and unequivocally, in either case, the answer, to the extent of -such denial or disclosure, is said to be responsive; and it is an elementary principle of equity jurisprudence that an answer, as far as it is responsive, is evidence for the respondent, and its statements so far must be taken as true, unless overcome by the satisfactory testimony of at least two opposing witnesses, or of one such witness with clear corroborating circumstances. 1 Daniell Oh. Prac. 843, *664 844, and notes; 2 Story’s Eq. Juris. § 1528; Fant v. Miller & Mayhew, 17 Gratt. 187.
The answer of the defendants, Nathaniel F. Williams, Martha E. Williams and Clara M. Hewson, in all the particulars before referred to, is responsive to the bill, and must so far be taken as true. No testimony has been taken to contradict it; and the exhibits filed in the cause go for the most part to confirm it. Taking these responsive statements as true, the complainants made no case for relief, and their bill should have been dismissed.
The mere fact, as we have seen, that the sale was made at a place outside of this state, did not render the sale invalid. The trustee, in the exercise of a sound discretion, was authorized to make it.in Baltimore, or at any other place. The place selected was convenient to all the parties interested. The debtor, the trustee and the creditors secured by the deed, all resided there, as well when the deed was executed as when the sale was made. The complainants resided in the county of Accomac; and Baltimore was probably more convenient to them than Yorktown. In the condition in which that portion of Virginia in which “Temple Farm” lay was in the year 1869, it is fair to presume that a better sale could have been effected in Baltimore than at Yorktown or any other place in its vicinity. The sale appears to have been well advertised. Notice was published for thirty consecutive days in a leading newspaper in Baltimore and further published in York county, Virginia, where the farm was situated, and in other places. It would seem there was no lack of bidders at the sale. The debtor was present, and so were the creditors secured by the deed, and persons from Virginia, who actually *665 bid for the property; and every effort seems to have been made to obtain the highest price. There was really no cloud on the title. The record shows that ~ when White conveyed the land to Peachy in trust he had a perfect title in fee. Certainly no question has been made as to this, nor was there any doubt that the estate which Williams as trustee sold was White’s ■equity of redemption of the Peachy trust deed. That estate was certain and well defined. The equity of redemption was substantially the Temple farm, with the encumbrance upon it of the debt secured in the deed to Peachy. The amount of that incumbrance appears to have been ascertained and known at the day of sale. . White (the debtor) knew the amount and all about it, and was present to give information to all desiring it, and no doubt did give it. Clara M. Hewson did not desire to purchase the property. She was interested in making it bring as much as possible, in order that she might save her debt. White had a like interest; and both seem to have used every exertion to get the highest price. The encumbrance of the judgments of Merritt & Co. was not then known to the trustee Williams, nor to the creditors secured by the deed, and therefore had no effect on the sale; ■and if it had been known and proclaimed, it would have had no effect, for, as I shall presently show, the liens of the judgments were inferior and subordinate to the other encumbrances.
And the same may be said of the sale of the eighty ■ acres of land to Kimber and others. This was a contract for a sale made after the conveyance to Williams, ■and could not affect the title previously conveyed to Williams, and therefore could not have affected the ■sale made by Williams. The contract was executory and was afterwards rescinded without any substantial *666 benefit accruing to Hewson, of which the judgment creditors could justly complain.
Nor does it appear that the property was saerified, as alleged in the bill, or sold for an inadequate price, or, as further alleged in the bill, for a less sum than it would have brought if it had been sold in York county. The answer positively denies these allegations, and thus shifts the burden of proof to the complainants, and although they allege in their bill that they are “prepared to establish” these allegations, they offered no proof whatever of them. If they could have established them, surely after the flat denial o the answer it behooved them to do so, and as the proof was most material to their case, the fair presumption is, that it could not be had. The difference in the price paid by Mrs. Hewson, and the' price obtained by her from the appellant Shurtz, is not sufficient evidence of sacrifice by the trustees’ sale, and although she obtained some advance on the price paid by her, still several hundred dollars of her debt against White remained unpaid.
The judgments sought to be enforced by the bill in this case were recovered 5th November, 1859. They were never docketed in the county of York where “Temple Farm” lies, until 21st May, 1867. At the time the deed was made to Williams, (trustee), 31st May, 1866, neither the trustee nor the creditors secured by the deed had any notice of them. If they had been docketed in said county within twelve months from the date of their recovery, they would have constituted liens on White’s equity of redemption of the deed to Peachy, (trustee), as of the date of their-recovery; (Code of 1860, ch. 186, §§ 6, 8;) which, being prior, would have been superior to the lien created by the deed to Williams, (trustee.) The trustee in the *667 last named deed and the creditors secured therein are “purchasers for valuable consideration” within the meaning of section 8, ch. 186, Code of 1860, and having had no notice of the judgment at the time the deed was executed and recorded, the lien created by the deed takes precedence of the lien of the judgments. Evans, trustee, v. Greenhow & als., 15 Gratt. 153; Exchange Bank of Va. for &c. v. Knox & als; and Farmers Bank of Va. for &c. v. Anderson & Co., 19 Gratt. 747.
As the sale and conveyance of the equity of redemption to Clara M. Hewson were valid, it follows that the title of the'appellant Shurtz under his purchase and conveyance from Hewson is good; it therefore becomes unnecessary to express any opinion as to the defence of Shurtz relied on in his answer, that he is a purchaser for valuable consideration without notice of the alleged equity of the complainants set up in the bill.
I have taken no notice of the deed of the 6th of February, 1868, from Samuel C. White to his son Isaiah H. White, because it is confessedly voluntary and subject, by its terms, to all the liens, sales and encumbrances on the land existing at the time, it was made. It could not in any way have affected the sale made by Williams.
I am of opinion, that the decree of the circuit court of Gloucester county should be reversed and annulled, and the bill of Johnson and Sneed (appellees here and complainants there) dismissed.
My attention has been called to the case of Walker v. Beauchler, 27 Gratt. 511, not reported, and not seen by me until ✓after the foregoing was written. It is. supposed by some that the opinion of the court delivered by Judge Staples in that case is to some extent in conflict with the views hereinbefore expressed. I have *668 examined that case carefully, and do not find any such conflict. On the contrary, the proposition stated in my opinion, to wit, that where the place of sale is not prescribed by the deed, it is left to the discretion of the trustee, is there affirmed. “In the exercise of that discretion,” says Judge Staples, “it would seem clear that the sale ought to have been made at least in the county where the property was situated, more particularly as at that time access to Georgetown was rendered more difficult by the presence of the military and by the requirements of permits for persons resident in the county of Alexandria.” Whether discretionary power in any case has been abused in its exercise must be determined by the facts and circumstances of such case; and all that was intended, I apprehend, to be affirmed by Judge Staples in what he says, supra, was that the discretion of the trustee was not properly exercised in that case. The sale “ ought to have been at least in the county where the property was situated,” for the reasons stated by him. He does not even intimate that under different circumstances the sale would have been void upon the sole ground that it was made at a place outside the state, there being no other objections to the sale. It is unnecessary to notice further the opinion in 27 Gratt., 511. An examination of it will show that the decision in that case rests upon facts essentially different from those established by the record in this case.
Moncure, P., concurred in the opinion of Burks, J.
Christian, J., dissented.
The decree was as follows:
*669 This cause, which is pending in this court at its place of session at Richmond, having been fully argued there, but not determined, this day came here the parties 'by their counsel; and the court, having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree is wholly erroneous. It is therefore decreed and ordered, that the said decree be reversed and annulled, and that the appellees,' Abel T. Johnson and E. K. Sneed, pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid in this court. And this court now proceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the bill of the complainants, Abel T. Johnson and E. K. Sneed (appellees here), be dismissed, and that they pay to the defendants their costs by them about their defence in the said circuit court expended: which is ordered to be certified to the said circuit court of Gloucester county.
And it is further ordered that this decree be entered on the order book here, and be forthwith certified to the clerk of the court at the place of session where this cause is pending as aforesaid, who shall enter the same on his order book and certify it to the clerk of the circuit court of the county of Gloucester.
Decree reversed.