# Richmond.

## MORRISS v. VIRGINIA STATE INSURANCE CO.

Absent, Richardson and Hinton, JJ.

DECEMBER 7th, 1893.

1. TRUST DEED—*Notice of sale—Equity jurisdiction.*—Where a court of equity has taken charge of the execution of a trust, it should prescribe a reasonable notice of at least thirty days for sale of the trust property, notwithstanding the fact that the deed required "ten days at the least." Code 1873, ch. 113, § 6.

2. IDEM—*Place of sale.*—Where sale shall be made lies in the trustee's discretion in case the deed does not name the place; but if either party disapproves his decision, he should, before the sale, apply to the court for instructions. *Shurtz* v. *Johnson,* 28 Gratt., 657.

3. IDEM—*Case at bar.*—Where property on outskirts of Richmond was to be sold under a trust deed naming no place of sale, trustee selected the city hall, to which the debtor objected, that it would sell higher on the premises; *held,* the debtor's wishes should govern.

4. IDEM—*Sale in parcels—Injunction.*—Deed not prescribing sale by parcels must be construed by the statute requiring, in case of default, the trustee "to sell the property conveyed by the deed, or so much thereof as may be necessary." *Held,* if it will sell higher by parcels, and the owner requests such sale, and trustee refuses, a court of equity will intervene. *Terry* v. *Fitzgerald,* 32 Gratt., 851.

5. IDEM—*Personal confidence.*—The trustee must act in person, and not by agent. *Harvey* v. *Steptoe,* 17 Gratt., 289.

Appeal from two decrees of the chancery court of city of Richmond, rendered October 31, 1893, in the suit entitled "Morriss, &c. *v.* The Virginia State Insurance Company," and in the suit entitled "Morriss, &c. *v.* James Alfred Jones, Trus-

tee, &c.," heard together. The said Morriss obtained an injunction to a sale advertised by said trustee, and appealed from the decree dissolving said injunction. Opinion states the case.

*Stiles & Holladay* and *Edmund Waddill*, for appellants.

*Christian & Christian*, for appellees.

LACY, J., delivered the opinion of the court.

The controversy between the parties to this appeal has arisen over the execution of a trust deed executed by the appellants to a certain trustee, conveying a tract of land in Henrico county, near the city of Richmond, containing 856 acres, to secure a debt due the Virginia State Insurance Company of $12,229 37. There were several abortive attempts at a sale, one on the premises, and another in the city of Richmond, when a sale was made at $12,000, when, it appearing by affidavits that the price of $12,000 was grossly inadequate, and in the opinion of numerous persons—real estate dealers and others—that the property was worth $25,000, by consent of all parties the sale was set aside by the court, and a resale ordered. The trustee advertised the sale to take place at the door of the city hall in the city of Richmond, when the appellants procured an injunction, upon the ground that the property could not safely be sold in the city of Richmond with a reasonable expectation that it would bring a reasonable price, and that such a sale would result only in a sacrifice of the property; that it was a large farm near the city, situated in the county, and capable of subdivision into several valuable truck farms; that the trustee should not be allowed to sell the whole tract unless necessary to pay the debt due on it; that, if sold in bulk, it would not bring its value, whereas the record showed that it was worth $25,000, and that land just across the road had recently sold for $100 per acre, and this, by proper adver-

tisement and judicious offering, might be sold as well; that the ten days' notice required by the deed had not been given; that the advertisement was inserted on Sunday, the 4th, to take place on the 15th instant; that this was not a compliance with the terms of the deed in letter or in "spirit"; and that the advertisement contains no notice of the terms of sale as to the residue after the cash payment has been paid and the debt discharged. This bill was answered, and a motion made to dissolve the injunction. Upon the hearing the court dissolved the injunction by decree in the cause on the 18th of October, 1892, but reserved all other questions, and, on motion of the plaintiffs, suspended the decree upon the usual terms for ten days, to allow the plaintiffs to present their petition to this court for an appeal, which being done, the appeal was allowed.

In the first place, it appears that the advertisement was as long as the terms of the deed required—"ten days at the least."

The next question is as to the place of sale, and upon this question we will remark that the deed contained no stipulation as to the place where the sale should be made; and according to the rule established by the law, and to be found in the decisions of this court, this matter was left to the sound discretion of the trustee. *Shurtz* v. *Johnson*, 28 Gratt., 657, and cases cited; *Walker* v. *Beauchler*, 27 Gratt., 511, and cases cited. Mr. Barton says on this subject (2 Bart. Ch. Pr., 446): "When the deed does not fix the place for the sale, the trustee may make it in any place which, in discretion, he may select; but he should exercise that discretion fairly and prudently," (citing *Shurtz* v. *Johnson, supra*); and he cannot sell more of the trust subject than is necessary to satisfy the debt, unless the interest of the owners demand it, or they request it, or unless it would be injurious not to sell the whole. This rule, of course, relates to a divisible subject, the trustee's duty in every case being to act for the best interest of all the parties. It is a settled principle in this court that trustees ought not to

allow any urgency of the creditor to have an influence on their conduct, but that, whether they act under deeds of trust or under decrees of a court of chancery, they ought to consider themselves as impartial agents of both parties, and should act for the interest of the debtor as well as of the creditor. *Quarles* v. *Lacy*, 4 Munf., 251. And it is now incontrovertibly settled that a trustee is to be considered as the agent of both parties, bound to act impartially, and to disregard the suggestions of either inconsistent with that obligation, and that he has, in general, no greater powers touching his trust than a commissioner of a court of equity for a sale of lands under its decree. *Lane* v. *Tidball*, Gilmer, 130; 4 Minor Inst., 65; *Chowning* v. *Cox*, 1 Rand. (Va.), 311; 2 Minor Inst., 285; 1 Lomax Dig. 424. Mr. Barton says (2 Minor Inst., 286): "The general principle of his duty is to act justly, impartially, and discreetly, without permitting himself to be swayed to the one side or the other by the suggestions or pursuasions of either party. He has been likened in this respect to the commissioner of the court of equity. He must conform to the terms of the deed in respect to the time and manner of giving notice, and the time and manner of sale, as well as in all other particulars, and in all points when the deed is silent he must govern himself by the general rule to sell to the best advantage, and with an impartial regard to the rights and interests of both parties." It is a principle, also, of such transactions that the trustee is charged with a personal confidence, and must therefore act in person and not by agent. 1 Lomax Dig., 427; 1 Tuck. Comm., 108; *Harvey* v. *Steptoe*, 17 Gratt., 289. It is the trustee's duty to forbear to sell, and to ask the aid and instructions of a court of equity, in all cases where the amount of the debt is unliquidated or in good faith disputed, when any cloud rests upon the title, when a reasonable price cannot be obtained, or when, for any reason, a sale is likely to be accompanied by a sacrifice of the property, which, at the cost of some delay, may be obviated. 2 Minor

Inst., 287; 1 Tuck. Comm., 106; *Lane* v. *Tidball, supra; Wilkins* v. *Gordon*, 11 Leigh, 547; *Miller* v. *Argyle*, 5 Leigh, 460; *Miller* v. *Trevilian*, 2 Rob. (Va.), 25; *Bryan* v. *Stump*, 8 Gratt., 247. Judge Lomax, in his Digest (volume 1, p. 425), says: " These trustees, may, of their own motion, apply to a court of equity to remove impediments in the way of a fair execution of their trust," and, if the trustee fails to do so, the debtor may enjoin the sale, and ask the execution of the trust under and by the aid of a court of equity, and thus, to adopt the language of Lord Bacon, substitute for the private conscience of the trustee "the general conscience of the realm, which is chancery," which Justice Story says implies nothing more than that a trustee who does not know his duty shall be at the pains to learn it.

As we have said, the deed is without directions as to the place where the sale shall be made, and the trustee must, in the exercise of a sound discretion, such as we have above referred to, select the place; and, if he shall be in doubt, he may apply to a court of equity for a determination of that question. If he determines for himself, and either party is not satisfied with his decision, he may apply to the court of equity to have it determined before the sale by the court, according to the circumstances of the case. That this question is determinable in the light of the circumstances of the particular case is clear under the decisions. In *Walker* v. *Beauchler, supra*, Judge Staples, speaking for the unanimous court, said: "It is very true the deed does not prescribe the place of sale, and much was therefore left to the discretion of the trustee. In the exercise of that discretion, it would seem clear that the sale ought certainly to have been made at least in the county where the property was situated." And the subsequent case of *Shurtz* v. *Johnson, supra*, Judge Burks says, speaking of a sale of land situated in York county, Va.: " It thus appears that neither Baltimore nor any other place is specially designated in the deed as the place where the sale is to be made, but by

the plainest implication the selection of such place is left to
the discretion of the trustee, as is usual in deeds of this char-
acter. It may not be doubted, therefore, that the trustee had
the power under the deed to make the sale at Baltimore, or at
any other place which he, in his discretion, might select. The
real and only question is whether he exercised that power
fairly and prudently; in other words, whether he committed a
breach of trust." Both of these two last-named cases were
brought to invalidate the sale after it had been made. In the
first the sale was set aside, and in the latter the sale was sus-
tained. And, after the sale had been made, the court inter-
poses with more reluctance than when it is applied to in the
first instance, and before the sale is actually made. *Taylor* v.
*King*, 6 Munf., 366; *Harris* v. *Harris, Id.*, 368; *Gibson* v. *Jones*,
5 Leigh, 370; *Hughes* v. *Caldwell*, 11 Leigh, 348. In this case
the trustee, in the exercise of his discretion, selected the place
of sale outside of the county. The debtors, who claim that
they have a tract of land worth at least $25,000, and a debt on
it of $12,000, object to the place selected by the trustee, and,
before the sale is made, insist that it ought to be made on the
premises; that the land is worth a good deal more than the
debt on it; that it is capable of advantageous sub-division, and
that it ought to be sold in parcels; that it is not necessary to
sell the whole to satisfy the debt, and that only so much ought
to be sold as is necessary to pay the debt on it; that its appear-
ance and situation will increase the prospects of a good sale
when the sale is made on the premises in view of the bidders.
The trustee, in his notice, says: "There are few estates com-
bining more elements of value than this. In the first place, it
is a large estate, very near to the city of Richmond, on an ex-
cellent road, and embracing some of the finest trucking land
in the county, the soil being similar to that of the noted vege-
table section of Hanover county; then, again, its nearness to
a growing city, such as Richmond now is, justifies the hope of
a very largely increased value in a few years; and, again, it is

said to contain inexhaustible quantities of the finest clay for pottery, fire brick, tiling, etc."; and besides, he says, "embracing, besides the excellent highland, a quantity of Chickahominy low grounds and a sufficiency of woodland." In view of the fact that such large interests are involved, the property being both extensive and valuable, and the debt being safely secured and bearing 7 per cent interest, in reviewing the discretion of the trustee, and considering all the circumstances of the case, we are of opinion that the wishes of the debtor in this case ought to be so far respected as to make the sale on the premises, the deed not prescribing any other place, and that, before dissolving the injunction, the chancery court ought to have so directed, and its refusal to do so is error, for which the decree complained of must be reversed and annulled.

We are further of opinion that the land should be subdivided and sold in parcels; that no more may be sold than is necessary to pay the debt; and, when enough has been realized to pay the debt, no more ought to be sold. It is true that the deed simply directs the trustee to sell the property conveyed, but this must be taken in connection with the statute, chapter 113, § 6, Code 1873, which applies to this case, which provides, in such case, that when default shall have been made in the payment of the debt, or any part thereof, by the grantor, the trustee shall sell the property conveyed by the deed *or so much thereof as may be necessary.* And Judge Moncure, speaking of this subject, and construing a similar law to this, says, in *Michie* v. *Jeffries,* 21 Gratt., 347 : "It is the duty of the trustee not to sell more of the trust subject than the purposes of the trust require, even though the deed direct him, in case of default, to sell the trust subject, without saying, ' or so much thereof as may be necessary to satisfy the purposes of the trust,' " the last part of the sentence, " to satisfy the purposes of the trust," being the phraseology of the law applicable to that case. Code 1860, c. 117, § 6. He adds: " That is always implied, unless a contrary intention plainly appears "; and

again: "In saying 'under and by virtue of the trust deed,' the
tract of land thereby conveyed to him is to be construed and
read as if the words ' or so much thereof as may be necessary '
followed the words above mentioned. In saying 'under and
by virtue of the trust deed,' all the terms of the deed, and of
the law on which it is founded, are in effect embodied in the
decree, except such as are expressly varied." To the same
effect is *Terry* v. *Fitzgerald*, 32 Gratt., 851 ; the opinion in that
case saying: " We hold that it was the duty of the trustee to
sell it in parcels, if by that mode it would bring the best price;
and, although he has a discretion, it is a legal discretion,
which is subject to the control of a court of equity ; and if the
land will bring a better price by dividing it and selling it in
several lots, and the owner desires and requests it, and the
trustee refuses, the owner thereby invokes the intervention and
assistance of a court of equity, * * * to control him in
the exercise óf his discretion," citing Judge Moncure as say-
ing, in *Crenshaw* v. *Seigfried*, 24 Gratt., 272: "If the debtor
desires that a particular and designated portion of the land,
fully adequate by a sale for cash to produce the amount of the
debt and expenses, such desire ought to be carried into effect.
In this case the debtor does not insist that only a part of the
land shall be sold, or object to selling the whole if necessary
for the payment of the debt and expenses, but only insists that
it shall be laid off into particular and designated portions,
having assurance that it will sell better, and will not require
the sale of the whole to pay the debt and the expenses." In
the same case it is said that the court having possession of the
case ought, instead of dissolving the injunction, to have re-
tained it, and directed the execution of the trust; and further,
" the court is of opinion, therefore, that the circuit court, in-
stead of dissolving the injunction, should have continued it,
retaining the cause, and had the sale made under its super-
vision and direction." And we think that in this case the court
ought not to have dissolved the injunction, but should have

retained the case, and directed the sale to be made under its supervision, directing a division into portions, and making a sale only of so much as was necessary to satisfy the debt; and its refusal so to do, and its action in dissolving the injunction, was error, for which, moreover, the decree of that court must be reversed and annulled.

As to the length of time that the land should be advertised before selling, the terms of the deed are not restrictive, except only so far as to prohibit a shorter notice than "ten days at the least," and in this case the court, in justice to the debtor, should prescribe a reasonable notice of at least thirty days, and not only in the newspaper as directed by the deed, but by handbills posted and so distributed as to bring the best price attainable for the property, if these expenses are incurred at the instance and request of the debtor, as they do not diminish the amount to be received by the creditor, and in no way impair his rights. It is right to add that in this case the creditor has been liberal and not unduly aggressive in enforcing his claim. It appears that he has been as anxious as the debtor to make the property bring the best price possible, and there is no proper criticism that can be, or ought to be, made upon him, nor upon the trustee throughout these transactions. Much has been done in a mutual spirit of friendliness; but the parties have reached the point where divergence of interest has finally culminated in disagreement, and, the debtor seeking the aid of a court of equity, as he had a right to do, we have considered the rights of the parties as they now appear, and will reverse the decree for the stated reasons, and remand the cause to the chancery court, with directions to continue the injunction, and direct the proceedings of the trustee in order to a sale of the property and the payment of the creditor's debt as soon as it can be done, having regard to the just rights of all concerned.

FAUNTLEROY, J., concurred in the result.

LEWIS, P., dissenting, said :

The case, in my judgment, is so plain for affirmance that I shall be brief in the statement of my views in regard to it. In view of the evidence in the record and the settled law on the subject, it is matter of surprise that the decree appealed from should be reversed. Fortunately, however, two of the judges being absent, the decision cannot be authority for any other case. *Whiting* v. *Town of West Point*, 88 Va., 905, 912.

Much that is said in the opinion just announced is not relevant to any question before the court. The case is a simple one. The principal grounds upon which the injunction was prayed for to prohibit the advertised sale were (1) that the sale ought to be made on the premises; (2) that the property ought to be sold in parcels; and (3) that the notice of sale was not sufficient, the latter point being now abandoned.

The property is situate just outside the city limits. The place of sale is not prescribed in the deed of trust, but the provision is that in the event of a sale, " the same shall be made after first advertising the time, place, and terms thereof for at least ten days in some newspaper published in the city of Richmond," and the statute provides that the trustee in a deed of trust, which does not otherwise provide, shall, when called upon to sell, make sale after having first given " reasonable notice of the time and place of sale," which, of course, implies that in such a case the sale need not be upon the premises, but that it may be at any other suitable place the trustee, in his discretion, may select. Code, sec. 2442 ; 1 Bart. Ch. Pr., 446.

The principle is that the trustee must exercise his discretion, so far as he has any, in an intelligent and reasonable manner. He must use every effort to sell the estate under every possible advantage of time, *place*, and publicity. 2 Perry, Trusts, sec. 602*o*.

This elementary principle was recognized by the Supreme Court of the United States in *Richards* v. *Holmes*, 18 How.,

143.    There the trustee in a deed of trust, having advertised the sale to take place on the premises, adjourned the sale to a different time and place, and this action was approved. The court, speaking by Mr. Justice Curtis, said: ".We consider that a power to a trustee to sell at public auction, after a certain public notice of the time and place of sale, includes the power regularly to adjourn the sale to a different time and place, when, in his discretion fairly exercised, it shall seem to him necessary to do so in order to obtain the fair auction price for the property. If he has not this power, the elements or many unexpected occurrences may prevent an attendance of bidders, and cause an inevitable sacrifice of the property. It is a power which every prudent owner would exercise in his own behalf under the circumstances supposed, and which he may well be presumed to intend to confer on another."

The case of *Johnson* v. *Dorsey*, 7 Gill, 269, is another authority in point. In that case, under a decree of foreclosure of a mortgage, a farm, situate just outside the city of Baltimore, was ordered to be sold, and the sale which was made, not on the premises, but in the city, was upheld.

Indeed, in *Shurtz* v. *Johnson*, 28 Gratt., 657, a sale by a trustee in Baltimore of a farm situate in York county, in this State, was sustained; and Judge Burks, in the course of his opinion, said: "I know of no law of this State forbidding such a sale, and no decision of any court has been cited in support of the general proposition, that a trustee who is invested with power to make sale of real estate for the payment of debts, without express limitation as to the place of sale, cannot lawfully make such sale at a place outside the territory and beyond the jurisdiction of the State in which such real estate may be. The powers of the trustee must be determined from an examination of the deed under which he acted.   *   * It appears that neither Baltimore nor any other place is specially designated in the deed as the place where the sale is

to be made, but, by the plainest implication, the selection of such place is left to *the discretion of the trustee,* as is usual in deeds of this character."

The learned judge also referred to *Walker* v. *Beauchler,* 27 Gratt., 511, and pointed out the difference in the circumstances of the two cases, and that there was no conflict between the cases. Indeed, Judge Staples, speaking for the court in the *Walker Case,* expressly stated that where the place of sale is not prescribed by the deed of trust, much is left to the discretion of the trustee. He lays down no such proposition as that, in such a case, the sale must, as matter of law, be on the premises, or even in the county; neither does he impugn the general principle stated by Judge Burks in the *Shurtz Case;* but merely says that under the circumstances of the case with which he was dealing—the war being flagrant—the sale ought to have been at least in Alexandria county, where the property was situate, and not in Georgetown, outside the State. The case is, in fact, an authority for the principle that whether a trustee has fairly exercised his discretion depends upon the circumstances of the case—a principle universally recognized, not only in regard to selecting the place of sale, but also as to selling the estate in whole or in parcels.

Now, remarkable to say, the conclusive and uncontradicted evidence on this point in the present case is utterly ignored in the opinion just announced.

It is proven, as the opinion of competent judges, that the property will sell to better advantage in Richmond than on the premises. This is set out at large in the answers of the defendants, which were sworn to, and which were treated as affidavits on the motion to dissolve the injunction, there being no countervailing testimony. 1 Bart. Ch. Pr., 414; *Muller* v. *Stone,* 84 Va., 834. The answers aver that the premises are greatly out of repair, and by no means attractive in appearance. It is also stated that at a previous sale on the premises, under the deed of trust, the only *bidders* present were from the city; that

the property, after extensive advertisement, was offered on that occasion both as a whole and in parcels, *and that several thousand dollars more were bid for it as a whole than in parcels.* Not enough, however, was bid either way to pay the secured debt, and the chancery court refused to confirm the sale. It is also averred that there is no reasonable ground to believe that the property will ever sell for the amount of the debt, which has greatly increased by the accumulation of interest.

The answer of the trustee states that he would have indulged the appellants as to the place of sale had they expressed a preference (as they were given the opportunity to do) for the sale again to be on the premises. He also says that in view of the fact that at the previous sale on the premises not more than a half dozen persons from the country attended, he considered the chance of an advantageous sale better if the property were offered in Richmond, and accordingly advertised the sale to take place in front of the city hall.

Why, then, should the advertised sale be enjoined instead of leaving the trustee to try the experiment of a sale in the city? Surely no one could have been injured by such experiment; for had the sale proceeded in the city without a just or satisfactory result, the chancellor could have refused to confirm it. The appellants thus had an ample remedy for the protection of their interests, without applying, as they did, to the judge of another court for an injunction to stop the sale. It is to the interest of all parties that the property shall bring the best possible price; and as it has once been offered on the premises without an adequate price being obtained, why should it not be offered in the city, where, according to the evidence, the chance of obtaining a fair price is better? It is extraordinary, as it seems to me, that the decree dissolving the injunction should be reversed, with arbitrary directions to sell on the premises and in parcels, in view of the result of the effort that has already been made to sell in that way and all the other evidence in the case.

It is perfectly apparent from the record that the object of the appellants is to obtain delay, and in the meantime to remain in possession and enjoyment of the property. Their appeal, in my judgment, is wholly without merit, and it is to be regretted that it should find favor in a court of justice.

I am for affirming the decree.

DECREE REVERSED.