GLADYS B. DOYLE *vs.* ELMER L. WILLIAMS, TRUSTEE ET AL.

No. 471

GLADYS B. DOYLE *vs.* ELMER L. WILLIAMS, TRUSTEE ET AL.

No. 472

Aroostook.        Opinion, August 28, 1940.

*Albert F. Cook,*
*Herschel Shaw,* for plaintiff.
*Pendleton & Rogers,* for defendants.

SITTING: STURGIS, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   These are proceedings in equity for the redemption of mortgages given by the complainant, Gladys B. Doyle, to the de-

fendant, Elmer L. Williams, as trustee, which are now held by the defendant, the Aroostook Trust Company, under recorded assignments. The cases were heard together by a single justice sitting in equity, and from decrees of dismissal with costs, appeals are duly claimed and entered.

DOCKET NO. 471.

On May 26, 1932, the complainant, Gladys B. Doyle, gave the defendant, Elmer L. Williams, as trustee for her unsecured creditors nine promissory notes of that date payable to him as trustee, all aggregating $20,151.15 but severally for the amounts due her respective creditors, and as security gave the trustee a mortgage on all her real estate subject to prior liens then of record or otherwise in existence. During the year of 1934, payments were made on account of the trust mortgage debt and these were divided *pro rata* among the creditors. No further payments were made, and on April 29, 1937, the trustee began foreclosure and a week later took possession of the farm as mortgagee.

At or about the same time, the trustee, acting in behalf of his employer, the Armour Fertilizer Works, which had a branch office in Presque Isle and was one of the creditors secured by this mortgage, in collaboration with the president of the Aroostook Trust Company of Caribou, another secured creditor and the holder of a first mortgage on the Gladys B. Doyle farm, obtained an agreement from the creditors who were beneficiaries under the trust mortgage to compromise their claims for approximately sixty-seven per cent of their then face value, and arranged with the Aroostook Trust Company to take over the trust notes and mortgage at face value with rights of foreclosure accrued, and advance therefor sufficient money to make the settlement with the creditors and pay back taxes and insurance premiums. As a part of this arrangement, a purchaser of the mortgaged premises for $25,000.00 was found by the Aroostook Trust Company, which agreed to make conveyance if and when it obtained title under the trust mortgage and its foreclosure, and he was made a tenant of the farm by the trustee as mortgagee in possession.

The compromise with the creditors secured by the trust mort-

gage was effected and, the Aroostook Trust Company having advanced $11,491.38 for that purpose and assumed the payment of back taxes and insurance premiums amounting to about $6,000.00, according to the pleadings, on November 17, 1937, Elmer L. Williams as trustee assigned the trust mortgage and the notes secured thereby to the Aroostook Trust Company, and on December 6, 1937, the assignment was recorded. The trust mortgage, however, was not a first lien on the mortgaged premises. They were subject in part to a first mortgage held by the Aroostook Trust Company on which more than $4,000.00 was due, and to the prior lien of a mortgage given to the Armour Fertilizer Works by Gladys B. Doyle on May 26, 1932, on which $3,507.60 was unpaid, and the assumption of these senior encumbrances was made a part of the consideration for the assignment of the trust mortgage to the Aroostook Trust Company. The first mortgage held by the bank was left outstanding of record and has neither been released nor foreclosed. The amount due on the mortgage of the Armour Fertilizer Works, on which foreclosure had been begun, was paid, and, as the pleadings show, on November 17, 1937, that mortgage was also assigned to the Aroostook Trust Company by the holder of record.

This proceeding in equity to redeem this trust mortgage given by Gladys B. Doyle to Elmer L. Williams, trustee, on May 26, 1932, is brought under R. S., Chap. 104, Sec. 15, which provides:

"Any mortgagor, or other person having a right to redeem lands mortgaged, may demand of the mortgagee or person claiming under him a true account of the sum due on the mortgage, and of the rents and profits, and money expended in repairs and improvements, if any; and if he unreasonably refuses or neglects to render such account in writing, or, in any other way by his default prevents the plaintiff from performing or tendering performance of the condition of the mortgage, he may bring his bill in equity for the redemption of the mortgaged premises within the time limited . . . , and therein offer to pay the sum found to be equitably due, or to perform any other condition, as the case may require; and such offer has the same force as a tender of payment or performance before the commencement of the suit; and the bill shall be sustained without such

tender, and thereupon he shall be entitled to judgment for redemption and costs."

In an attempt to comply with the statute, the complainant here avers that as mortgagor, on October 22, 1937, she demanded of the defendant, Elmer L. Williams, the trustee of the mortgage which she had given him for the benefit of her unsecured creditors, a true account of the sum due on the mortgage and of the rents and profits received and money expended on repairs and improvements, if any, but he has unreasonably refused and neglected to render such an account. She offers to pay to the mortgagee or his assignee such sum as may be found to be equitably due.

As to the defendant, Elmer L. Williams, trustee, the mortgagee, the record shows that pursuant to the complainant's demand for an accounting, on November 20, 1937, he made and delivered to her an account stating that $21,860.57 was due on the notes and mortgage as of that date. In this account, interest accruals and insurance premium payments were added to the original debt and credit was given for payments received and for rental to be paid by the tenant. No credit was given for waste charged by the mortgagor during the possession of the mortgagee and his tenant, nor for the reduction of the mortgage debts effected by the compromise of the claims of the creditors secured by the mortgage. It is to obtain such credits and be allowed to redeem on payment of the mortgage and debts secured thereby so reduced that the mortgagor, Gladys B. Doyle, brings her bill in equity.

At the hearing before the sitting justice, the issues raised and determined did not extend beyond the correctness of the accounting of Elmer L. Williams, trustee, as the original mortgagee. As to that, a finding was made that the mortgagee had not committed waste, had made due allowance for his use and occupation while in possession of the premises, and although the mortgage was given to him as trustee for the mortgagor's unsecured creditors, no fiduciary relation was created thereby, and his responsibility to the mortgagor being only such as arises in the simplest of mortgages on real estate between the parties thereto, he could not be held to account for the reduction in the mortgage debt which he had procured. Upon these findings, the ruling was that the mortgagee had not unreasonably

refused or neglected to account or in any other way prevented the mortgagor from redeeming, and a decree dismissing the bill was entered.

It is the opinion of this court that the finding below that the responsibility of the defendant, Elmer L. Williams, as trustee of the mortgage which the complainant, Gladys B. Doyle, gave to him for the benefit of her unsecured creditors was only such as arises in the simplest of mortgages on real estate between the parties thereto was error. The evidence bearing upon this question, when carefully analyzed, shows clearly that this was an ordinary mortgage deed of trust given by the mortgagor to secure the debts which she owed her unsecured creditors. There is no convincing proof that anything else was intended. It was not an unconditional deed of trust to raise funds for the payment of debts and an absolute and indefeasible conveyance for the purposes of the trust, but a conveyance by way of security only and subject to a condition of defeasance. Under it, the trustee was the agent of both parties and required to act with utmost good faith and impartiality as regards both the debtor and the creditor. He was bound to look to the interests of both parties. He was not trustee solely for the mortgagee or for the creditors secured thereunder. *Ainsa* v. *Trust Company*, 174 Cal., 504, 163 P., 898; *Gray* v. *Robertson*, 174 Ill., 242, 51 N. E., 248; *Ventres* v. *Cobb*, 105 Ill., 33; *Reynolds* v. *Waterville*, 92 Me., 292, 305, 306, 42 A., 553; *Bell* v. *Trust Company*, 282 Penn., 562, 569, 128 A., 494; *Morriss* v. *Insurance Company*, 90 Va., 370, 18 S. E., 843; *Schroeder* v. *Theater Company*, 175 Wis., 79, 184 N. W., 542; 3 Jones on Mortgages (8th ed.), Sec. 2292.

The finding below that waste had not been committed and a proper allowance had been made for use and occupation were warranted in fact and law and should not be disturbed. The mortgagor is entitled, however, to a further consideration of her claim that she should be permitted to redeem her mortgage upon payment of the balance found due thereon after the discount obtained from her creditors by Elmer L. Williams, trustee, is allowed as a credit. This question should be determined in accordance with the law as here stated. Ordinarily, it could be passed upon on this appeal where all questions presented by the record are open for consideration and such decree is to be directed as the whole case requires. *Trask* v.

*Chase,* 107 Me., 137, 77 A., 698; *Woodman* v. *Butterfield,* 116 Me., 241, 101 A., 25; R. S., Chap. 91, Sec. 53. Omissions in the pleading and proof however, make it impossible to decide the question on its merits at this time.

As this court has recently pointed out, a bill in equity brought by a mortgagor of real estate to enforce his right to redemption from a mortgage under R. S., Chap. 104, Sec. 15, cannot be entertained without full compliance with all statutory prerequisites. *Fogg* v. *Twin Town Chevrolet, Inc.,* 135 Me., 260, 194 A., 609, and cases cited. It must be alleged and proved that the redemptioner has demanded an accounting of the mortgagee or person claiming under him and the latter has unreasonably refused or neglected to render such account in writing, or in some other way by his default, has prevented the plaintiff from performing or tendering performance of the condition of the mortgage. The demand for an account must be made upon the party having the legal record title to the mortgage. *Stone* v. *Locke,* 46 Me., 445; 2 Jones on Mortgages (8th ed.), Sec. 1433. If there is a valid assignment and transfer of the mortgage and the redemptioner has due notice by record or otherwise thereof, he must demand an account from the assignee and bring his bill against him. It is only when such an assignment has not been recorded or notice of it given that a demand for an account upon the mortgagee alone is sufficient. *Mitchell* v. *Burnham,* 44 Me., 286; Jones on Mortgages, *supra.* If the assignment of the mortgage is absolute and the redemptioner has notice, the mortgagee is not a necessary party. But if the assignment leaves an interest in the mortgagee which will be affected by the decree, as when he has been in possession and received rents and profits or other moneys, he must be joined as a party defendant and the court will not proceed in his absence. *Beals* v. *Cobb,* 51 Me., 348; Storey's Equity Pleading, Secs. 189, 190, 191; 42 Corpus Juris, 434, n. 85.

The complainant admits in her pleading that she had notice, at least by record, of the assignment of the trust notes and mortgage to the Aroostook Trust Company by the mortgagee, Elmer L. Williams, as trustee, as of November 17, 1937, and that the assignment was recorded on December 6, 1937, thereafter. But she does not aver in her bill in equity entered in the Supreme Judicial Court for the County of Aroostook on January 20, 1938, or in any way prove

that she made a demand for an accounting upon the assignee, or it, as the owner of record of the mortgage, unreasonably refused or neglected to account. The Aroostook Trust Company does not adopt as its own the accounting of the mortgagee, Elmer L. Williams, trustee, and by its pleadings denies all knowledge thereof. As the case stands, for this defect in pleadings and failure of proof the complainant is not entitled to have her bill to redeem this mortgage entertained.

Equity, however, is always liberal in permitting the amendment of a bill where such a course will prevent a forfeiture or an inequitable result. *Fogg* v. *Twin Town Chevrolet, Inc.*, 135 Me., 444, 448, 199 A., 265. If this bill be dismissed for the defects in pleading and proof which appear, the mortgagor will be barred from redeeming her real estate from this mortgage. The time allowed by the statute for filing a new bill in equity has expired. It may be that, by amendment, the mortgagor can introduce allegations respecting a demand upon the Aroostook Trust Company, assignee of the mortgagee, and on hearing submit proof in accordance therewith which will cure all defects. If so, the mortgagor would be entitled to a final determination on the merits and according to law of her rights of redemption under the mortgage. The cause will be remanded that opportunity may be given for such amendment and support thereof by proof. Failing so to do, the bill in equity must be dismissed.

*Appeal sustained.*
*Cause remanded for further proceedings*
*in accordance with this opinion.*

DOCKET NO. 472.

In the spring of 1932, the complainant, Gladys B. Doyle of Caribou purchased one hundred tons of commercial fertilizer from the Armour Fertilizer Works, which had a branch office in Presque Isle, and on May 16, 1932, gave her note for $3,800.00 therefor, making the same payable to the defendant, Elmer L. Williams, as trustee for the Armour Fertilizer Works by which he was employed. On May 26, 1932, thereafter, she secured her note by a mortgage on all her real estate which she here seeks to redeem.

The many incidents and circumstances attending the execution of this mortgage and the collateral transactions which were involved need not here be recited. The mortgage debt not having been paid, on April 29, 1937, foreclosure was begun. On September 18, 1937, the mortgage was assigned to the Armour Fertilizer Works, reassigned on October 15, 1937, to Armour & Company of Delaware, and thereafter on November 17, 1937, assigned to the Aroostook Trust Company, a defendant in this cause. All assignments were duly recorded.

On December 16, 1937, pursuant to a demand by the mortgagor, the Aroostook Trust Company, as assignee of this mortgage, made and delivered an account of the sum it claimed to be due on the mortgage debt. Payments made and rents and profits received were accounted for and interest accrued was added to the mortgage debt. A credit of $2,000.00 was given for a potato house which had belonged to the mortgagor and had come into the possession of the mortgagee or the assignees. A balance of $1,476.32 was stated in the account to be due.

At the hearing on the bill in equity brought to redeem this mortgage under the provisions of R. S., Chap. 104, Sec. 15, it was stipulated and agreed that the account rendered by the Aroostook Trust Company was in all respects correct except as to the allowance for the potato house. As to that, the sitting justice found that the credit of $2,000.00 allowed therefor in the account was its full and fair value and there had been no unreasonable refusal or neglect to account as required by the statute. A decree dismissing the bill with costs was entered.

We find no ground upon which this appeal can be sustained. The entry must be

*Appeal dismissed.*
*Decree below affirmed.*