Merrimack,
No. 4989.

ALLEN C. PETTIS

*v.*

J. F. WHITE CONTRACTING COMPANY.

Argued November 8, 1961.

Decided December 27, 1961.

*Perkins & Dowst* for the plaintiff, furnished no brief.

*Sulloway, Hollis, Godfrey & Soden (Mr. Joseph S. Ransmeier* orally), for the defendant.

BLANDIN, J. The only question transferred by the Court is "whether plaintiff is entitled to maintain his Petition against the

defendant, who at the time the Petition was served and for several months theretofore had no record nor other title therein." The issue is governed by RSA 529:26, 34, 35.

The material portions of s. 26 read as follows: "The sale and deed made in pursuance thereof shall be void if, within one year after the sale, the debtor shall pay or tender to the purchaser the purchase money, and all reasonable sums paid by him for taxes, insurance, repairs . . . with interest therefrom from the dates of payments . . . less the rents and profits received. . . . "

The material portions of s. 34 state that if the parties do not agree as to the amount to be paid to redeem real estate from a levy, proceedings to determine the amount may be had as in the determination of the amount due upon a mortgage on a petition of the mortgagor.

Section 35 provides that: "The person having the estate or right of the creditor, purchaser or debtor in real estate taken in execution shall be deemed to be, and shall have the rights, privileges and remedies of, the creditor, purchaser or debtor, as to all persons having notice of his right; and no act done by or to the original creditor, purchaser or debtor shall thenceforth be of any validity."

Although there appears to be no previous decision in this state squarely in point, in earlier cases under similar enactments it seems to have been assumed that the record owner at the time the petition for redemption and an accounting was brought, as under ss. 26, 34, *supra*, here, was the only proper person against whom proceedings could be maintained. In *Dziatlik* v. *Holy Trinity &c. Church*, 86 N. H. 234, a petition for redemption and an accounting was begun under P. L., c. 345, ss. 26 and 34, now RSA 529:26, 34. The purchasers of the property at an execution sale sold it to the defendant. The plaintiff was the assignee of the judgment debtor. All parties and the court appear to have assumed that the defendant assignee, who occupied the position of the Chandlers in the case before us, and not the purchaser at the execution sale — in the position of the defendant in our case — was the proper party against whom the action should have been brought. The court stated: "This assignment vested in the plaintiff 'all the rights, privileges and remedies' belonging to his assignor." *Id.*, 235. By this token, the assignment to the Chandlers placed them in the position of the defendant in the *Dziatlik* case, and it is against the Chandlers and not the defendant that the plaintiff's

remedy lies. To the same effect, see *Russell* v. *Fabyan*, 27 N. H. 529, 536, 537; *Green* v. *Cross*, 45 N. H. 574, 577; *Gilbert* v. *Berlin*, 70 N. H. 396, 397.

The generally established law also is that the proper person against whom a petition for an accounting and redemption should be brought is the one who holds record title at the time the petition is brought. Jones on Mortgages (8th *ed.*) *s.* 1433.

When the question arose in Maine under provisions essentially similar to RSA 529:26, 35 (Maine Revised Statutes (1930) *c.* 104, *ss.* 7, 15), the court had no hesitation in holding unequivocally that a petition for redemption and an accounting must be brought against the party having the record title to the property at the time the petition was begun. *Doyle* v. *Williams*, 137 Me. 53.

Such is our holding here and the order is

*Petition dismissed.*

All concurred.