Inhabitants of Winchester *vs.* County Commissioners.

County commissioners have power to allow an amendment to the petition of a remainder-man for the assessment of damages caused by the laying out of a highway, by permitting the life tenant, to whom an award of damages had been previously made, to become a party, even after a disagreement of a jury upon the petition, and after the lapse of a year from the previous award of damages to the life tenant.

Petition of the town of Winchester for a writ of *certiorari* to quash the proceedings of the county commissioners of Middlesex in the assessment of damages to the estate of Elizabeth L. Gardiner for land taken for a highway.

The case was reserved for the consideration of the full court by *Devens*, J., upon the following statement of facts:

February 15, 1872, the commissioners completed the widening of Pleasant Street, in Winchester, and adopted the location, and the record thereof was made March 26, 1872, by which it appeared that on that day damages were awarded to Orrin W. Gardiner for $2200 as damages to his estate on that street, by reason of the widening. The estate was held by Orrin W. Gardiner, as tenant by the curtesy, the remainder being vested in Elizabeth L. Gardiner, his daughter. October 22, 1872, Elizabeth L. petitioned for a jury, upon which a warrant was issued to the sheriff, who empanelled a jury. The premises were viewed, and the parties heard; and, at the September term of the Superior Court, for Middlesex, 1873, the warrant was returned, showing that the jury had disagreed, and the case was remitted to the county commissioners. October 7, 1873, at a legal meeting of

VOL. XVIII. 31

the commissioners, Elizabeth L. filed a motion to amend her petition, by joining Orrin W. After a hearing upon this motion, the commissioners, against the objection of the town, allowed the amendment November 18, 1873. Thereupon Elizabeth L. moved the commissioners that Orrin W. be summoned in to become a party to the proceedings as a joint petitioner with her, which motion was allowed, against the objection of the town; and on the same day Orrin W. appeared before the commissioners. Afterwards, on the same day, Elizabeth L. and Orrin W. moved that a warrant be issued for a jury to assess their damages upon the original petition as amended, which warrant the commissioners ordered to be issued, against the objection of the town.

The town contended that the commissioners had no authority in law to allow the amendment, inasmuch as the year had elapsed to which Orrin W. was limited in petitioning for a sheriff's jury, if he was dissatisfied with the award of the commissioners of March 26, 1872; and they contended that all the proceedings of the commissioners, in allowing the amendment, so far as to make Orrin W. a party to the proceedings, and a joint petitioner, and in granting the warrant for a jury to assess the damages of Orrin W., were in law null and void.

*T. H. Sweetser & W. S. Gardner*, for the petitioners.

*C. Robinson, Jr.*, for the respondents.

COLT, J. It is contended that the doings of the county commissioners ought to be set aside, because in proceedings for the assessment of damages for land taken for a highway, they allowed a petition for a jury, which had been seasonably filed, to be amended, and permitted the life tenant to become a party to it, after the expiration of the year allowed for such petition. This, it is said, overrides the statute of limitations, and gives a person standing in court who had lost it by lapse of time.

But a petition of this character is in the nature of a civil action. The commissioners exercise judicial power over it, and come within the provisions which allow amendments in form or substance of any process, pleading or proceeding. It was so held in *Grand Junction Railroad Co.* v. *County Commissioners*, 14 Gray

553, 564, and there is nothing in the lapse of time, or in the fact that a warrant for a jury had been issued and been returned with a disagreement, which diminishes the power of amendment. Under the petition originally filed, the subject matter was fully before them. By Gen. Sts. *c.* 43, § 17, when an estate for life is in one person, and the remainder or reversion in another, entire damages are to be assessed without any apportionment, to be held in trust for the parties in interest. The petitioner had the right to entire damages under the original petition. This right cannot be lost or impaired by the fact that the life tenant did not originally join. It is unnecessary to consider the rights, if any, which the life tenant might have had under the award of the commissioners, which was made to him apparently under a misapprehension of title, if he had insisted on that award. By joining in this petition he must be held to have waived any claim to damages separately awarded to him. It is evident that the town of Winchester was in no way prejudiced by the allowance of the amendment. It may have been for its benefit. *Davenport* v. *Holland*, 2 Cush. 1, 14. *Gleason* v. *Sloper*, 24 Pick. 181. *New Marlborough* v. *County Commissioners*, 9 Met. 423, 432.

*Petition dismissed with costs.*