CHARLES E. CARR *vs.* INHABITANTS OF BERKLEY.

Bristol.   Oct. 27, 1887. — Jan. 6, 1888.   C. ALLEN & KNOWLTON, JJ., absent.

Under the Pub. Sts. c. 49, § 71, it is sufficient if the laying out of a town way is filed in the office of the town clerk seven days at least before the town meeting at which the laying out is reported by the selectmen and accepted; and the report to the town is not required to be filed seven days before such meeting.

The laying out of a town way is not invalidated by the fact that one course is stated to be " 41¼° E." instead of " N. 41½° E.," if there is no ambiguity in the whole description.

PETITION to the Superior Court for a jury to assess damages for the taking of land, by the respondent, to lay out a highway in the town of Berkléy.   Hearing in the Superior Court, before *Barker*, J., who ruled that the way was not legally laid out, directed a verdict for the respondent, and reported the case for the determination of this court.   The facts appear in the opinion.

*J. M. Morton*, for the petitioner.

*W. H. Fox*, for the respondent.

W. ALLEN, J.   The Pub. Sts. *c.* 49, § 65, provide that the selectmen of the several towns may lay out town ways.   Section 71 provides that no town way laid out by the selectmen shall be

established until such laying out is reported to the town, and accepted and allowed at a town meeting warned and notified therefor; nor unless "such laying out" is filed in the office of the town clerk seven days at least before such meeting.

In this case, the selectmen proceeded in literal compliance with the statute. On February 17, 1886, they laid out the way, and on the next day they filed the laying out with the town clerk. After that a warrant was issued for a town meeting, to be held on March 1, to take action upon the report of the selectmen in laying out the way. On February 27, after the warrant was posted and before the day of the meeting, the selectmen filed with the town clerk a paper which was intended to be a copy or duplicate of the paper before filed, with the following words added: "The laying out with the boundaries and admeasurements have been filed with the town clerk on the 19th day of February, 1886, being seven days before this meeting; and we now hereby report such laying out, with the boundaries and admeasurements of the same, to said town, at the meeting of the legal voters regularly warned and notified, for them to accept and allow the same." The statute does not require that the report to the town of the laying out shall be made seven days before the meeting, and it does not require that the laying out filed in the clerk's office for the examination of all parties interested, and that reported to the town for its action, shall be contained in the same writing. Both may be combined in one; and in this case the papers first filed might have been treated as a report, and acted on by the town; but it was not necessary to do that when a formal report was properly before the meeting.

It is objected that the laying out filed with the clerk on February 18 was uncertain in description because it gave one course as "$41\frac{1}{2}°$ east" instead of "N. $41\frac{1}{2}°$ east." But there is no ambiguity in the whole description. The other courses and the distances and monuments have no uncertainty.

*Verdict set aside.*