INHABITANTS OF DARTMOUTH *vs.* COUNTY COMMISSIONERS
OF BRISTOL.

Bristol.   November 1, 1890. — January 8, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Town Way — County Commissioners — Amendment — Selectmen.*

County commissioners may allow the amendment of a petition for the laying out
of a town way, which the town is alleged unreasonably to refuse to accept, by
omitting an averment that the way was laid out by the selectmen "in accord-
ance with a vote of the inhabitants of said town instructing them thereto."

The laying out of a town way is not invalidated because the application therefor
requests the selectmen to lay out a "public highway."

Under the Pub. Sts. c. 49, § 71, a report by selectmen of the laying out of a town
way, duly filed in the town clerk's office, which recites that, after notice to all
parties, they went upon the "road" referred to in the application to see and fix
the location of said "way," describing it by courses, distances, and monuments,
is valid, and a sufficient report to the town of the laying out; and such report
need not state that no damages were sustained by any one.

A majority of the selectmen of a town may act in laying out a town way.

PETITION for a writ of certiorari to quash the proceedings
of the county commissioners of Bristol respecting the laying
out and acceptance of a town way.   The case was reserved by
*Holmes,* J., for the consideration of the full court, and was, so
far as material to the points decided, as follows.

An application was duly made by Charles Tucker and others
to the selectmen of the town of Dartmouth " to lay out and es-
tablish as a public highway an extension of Hawthorne Street,
New Bedford, from the town line westerly to the so called Ryder
or Slocum Road."   The report and certificate of the selectmen
on this application is as follows:

" On the 25th day of May, A. D. 1889, the selectmen of Dart-
mouth went upon the road referred to in said petition, all par-
ties having been duly notified, and, the representations stated
in the petition appearing to us correct, we have investigated
the bounds and location of said way, and ascertained and hereby
fix and determine the correct location to be as follows, and have
erected the necessary bounds accordingly: Beginning at a bound
stone placed at the intersection of the town line and the south

line of Hawthorne Street as accepted by the city of New Bedford, thence westerly in the same straight line as accepted [by] New Bedford, three thousand eighty-one and ninety-five hundredths ($3,081\frac{95}{100}$) feet, to a point in the east line of the Slocum Road one hundred twenty-five and seventy-five [hundredths] ($125\frac{75}{100}$) feet north of the north line of the Abner H. Davis farm. The north line is parallel with the south lines and fifty (50) feet distant therefrom. Philip A. Cornell, Luthan T. Davis, James E. Allen, Selectmen of Dartmouth."

James E. Allen was not actually present at the time and place when said road was laid out with the other two selectmen, but he signed with the other two selectmen the notice to the abutters and parties interested, as required by law, notifying them of the intention of the selectmen to lay out said way, and, after the conclusion of the hearing upon the proposed way, signed with them the above report and certificate. This report was delivered by the selectmen, on May 25, 1889, to the town clerk, and thereafter retained by him in his office in his custody. At a meeting of the town held on June 4, 1889, it was voted, under an article "To see if the town will accept the lay out of Hawthorne Street as laid out by the selectmen agreeable to a petition of Charles Tucker and others," and at successive meetings held on August 5 and August 14 following, not to accept this laying out of Hawthorne Street, but to oppose the same. The petition to the county commissioners was subsequently filed, on July 11, 1889, and recited "that the selectmen of said town of Dartmouth, in accordance with a vote of the inhabitants of said town instructing them thereto," laid out a town way in said Dartmouth as requested in the application to the selectmen; that the town unreasonably refused and delayed to approve and allow the laying out of said town way and to put the same on record; and prayed that the commissioners would approve the town way as laid out, and would direct its acceptance by the town to be recorded by the town clerk. At a meeting of the county commissioners, held on September 19, 1889, the petitioners moved to amend the petition by striking out the words "in accordance with a vote of the inhabitants of said town instructing them thereto." The commissioners, against the objection of the remonstrants, allowed the amendment, and subsequently ordered

the way to be laid out in accordance with the laying out by the selectmen, and the town clerk to record the same.

*E. L. Barney*, for the petitioner.

*A. E. Perry*, for the respondents.

W. ALLEN, J. 1. The county commissioners had authority to allow the amendment. *New Marlborough* v. *County Commissioners*, 9 Met. 423. *Winchester* v. *County Commissioners*, 114 Mass. 481.

2. The fact that the application to the selectmen was to lay out a public highway, does not avoid the proceedings. The selectmen exercised their authority, which was to lay out a town way. They called it a way. It was a public highway, laid out by the selectmen of a town, which is a town way. *Jones* v. *Andover*, 6 Pick. 59. *Denham* v. *County Commissioners*, 108 Mass. 202.

3. A legal and sufficient report and certificate of the laying out of the way was filed in the office of the town clerk seven days before the town meeting, and was a sufficient report to the town of the laying out. Pub. Sts. c. 49, § 71. *Carr* v. *Berkley*, 145 Mass. 539. It was not necessary to return that no damages were sustained by any one. *Monagle* v. *County Commissioners*, 8 Cush. 360.

4. A majority of the selectmen could act; but it appears that they all acted.

We do not find any error in the proceedings of the county commissioners.                    *Petition dismissed.*