GEORGE E. GRAY *vs.* INHABITANTS OF EVERETT.

Middlesex.   December 13, 1894. — February 26, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Petition for Damages for repairing Highway — Amendment — Statute.*

The Superior Court has power to allow an amendment changing a petition under Pub. Sts. c. 52, § 16, for damage to property by reason of any raising, lowering, or other act done for the purpose of repairing a way, into a petition under Pub. Sts. c. 49, § 79, for the assessment of damages occasioned by the laying out of the way, if, when the proceedings in the Superior Court were begun, the petitioner had the right to the latter remedy, and if the work relied upon in support of the amended petition was the cause of action relied upon in the petition originally filed.

BARKER, J. In our opinion the Superior Court has power to allow an amendment changing a petition, under Pub. Sts. c. 52, § 16, for damage to property by reason of any raising, lowering, or other act done for the purpose of repairing a way, into a petition under Pub. Sts. c. 49, § 79, for the assessment of damages occasioned by the laying out of the way, if, when the proceedings in the Superior Court were begun, the petitioner had the right to the latter remedy, and if the work upon the way relied upon in support of the amended petition was the cause of action relied upon in the petition originally filed. Such petitions are of the same general character, and are to be tried at the same bar and in the same manner. The same acts of the town upon the surface of the ground within the limits of the

way will sustain one petition if they are repairs of a pre-existing way, and the other petition if they are done in the construction of a way newly laid out. In both petitions the assertions of the petitioner are that the acts were legal, were done by the authority of the respondent, and have damaged the petitioner's property. When, as in the present case, the way was in use as an open street before it was laid out as a public way, and continued to be used without alteration for some months thereafter before the change of grade by which the petitioner's property was damaged, the error of treating the change in the surface of the street as work done in repairs rather than in original construction is not of a kind to prejudice the respondent. While the allowance of the amendment will deprive the respondent of a defence purely technical, it will compel the payment of damages actually sustained, and for which the respondent was answerable when the petition was brought, and in the court where it was brought. It is settled that such petitions are within the spirit of the statutes of amendments. *Grand Junction Railroad* v. *County Commissioners,* 14 Gray, 553, 564, and cases cited. *Winchester* v. *County Commissioners,* 114 Mass. 481. *Porter* v. *Newton,* 133 Mass. 56. *Sanger* v. *Newton,* 134 Mass. 308. The respondent relies upon the case of *Peterson* v. *Waltham,* 150 Mass. 564, in which it was held that the Superior Court had no power to allow an action of tort for the taking of the plaintiff's land and laying out streets over it to be changed into a petition for a jury to assess damages for land taken for a public way. But that case is easily distinguishable from the present one. There the two remedies were dissimilar. The action of tort went upon the theory that the acts of the city were unlawful. It was one of the three common forms of personal actions. The petition went upon the theory that the acts of the city were lawful, and it was not a personal action, but a petition for damages. In the action of tort, proof of the acts of the city would be a perfect defence upon the merits, while in the petition the same proof would tend to support the petition. As we have seen, the case at bar stands very differently. Both petitions are of the same general character, both seek damages for the same physical acts, and both are upon the theory that the acts of the respondent are legal. We regard the mistake as in the nature of an ordi-

nary variance, the amendment of which it was within the power
of the court to allow.                    *Exceptions overruled.*

*G. E. Smith*, for the respondent.

*F. J. Daggett*, for the petitioner.