JENNIE A. MUNRO, In Equity,

*vs.*

SOPHIA M. BARTON.

Knox. Opinion April 19, 1901.

*Mortgage. Redemption. Equity. Practice. R. S., c. 90, §§ 14–17. Stat. 1821, c. 85; Stat. 1837, c. 286, § 1.*

To sustain a bill in equity to redeem from a mortgage of real estate, unless the mortgagee or person claiming under him resides without the State, or his residence is unknown, or the mortgage is alleged and proved to be fraudulent in whole or in part, the plaintiff must allege and prove either a prior tender or payment, or such facts as show that the defendant, upon demand, has

unreasonably refused to render in writing a true account of the sum due upon the mortgage, or has in some other way by his default prevented the plaintiff from performing, or tendering performance, of the condition of the mortgage.

The provision in R. S., c. 90, § 14, that the plaintiff in his bill may offer to pay or perform and that "such offer shall have the same force as a tender of payment, or performance, before the commencement of the suit and the bill shall be sustained without such tender," is not absolute, but conditional, and dependent upon the preceding portion of the same section.

The offer in the bill to pay or perform is to have such force, and the bill be maintained only, if the defendant by his unreasonable refusal or neglect to account upon demand, or in some other way by his default, has prevented the plaintiff from performing or tendering performance.

On report.    Bill retained for amendment.

Bill to redeem a mortgage claimed by the defendant to be foreclosed and action barred by adverse possession.

*C. E. and A. S. Littlefield,* for plaintiff.

*J. E. Moore,* for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.   This bill is brought to redeem from a mortgage given in 1835.   A foreclosure was attempted in 1846, and the defendants, and their predecessors in title, have been in possession under recorded deeds since 1853.   It is not, however, necessary to determine at this time the validity of the foreclosure proceedings or the character of the defendant's possession, as the bill in its present form is not maintainable for want of sufficient allegations.

The plaintiff, in her bill, offers to pay what shall be found to be due upon the mortgage, but there is neither allegation nor proof of any prior tender of payment or performance, nor of any demand upon the mortgagee, or persons claiming under him, for a true account of the sum due upon the mortgage and a neglect or refusal, on his or their part, to render such an account.   No facts are stated showing that such tender could not be made, or that the defendants have in any way by their default prevented the plaintiff from performing, or tendering performance, of the condition of the mortgage.   Under such circumstances the bill cannot be maintained.

To support a bill in equity to redeem from a mortgage of real estate, unless the mortgagee or person claiming under him resides without the State or his residence is unknown, (R. S., c. 90, § 17,) or the mortgage is alleged and proved to be fraudulent in whole or in part, (§ 16,) the plaintiff must allege and prove either a prior tender or payment, (§ 15,) or such facts as show that the defendant upon demand has unreasonably refused or neglected to render in writing a true account of the sum due upon the mortgage, or has in some other way by his default prevented the plaintiff from performing, or tendering performance of, the condition of the mortgage.

It is true, that section 14 provides that the offer in the bill to pay or perform " shall have the same force as a tender of payment or performance before the commencement of the suit; and the bill shall be sustained without such tender," but this cannot ·be separated from the language which precedes it. The whole section taken together shows plainly, that the offer is to have such force, and the bill be maintained only, if the defendant by his unreasonable refusal and neglect to account upon demand or in some other way by his default, has prevented the plaintiff from performing or tendering performance. Section 14 was first enacted in 1837, c. 286, § 1, and was evidently ·taken from the precisely similar statute of Massachusetts, 1821, c. 85, the construction of which had already been settled in *Willard* v. *Fiske,* 2 Pick. 540, and *Putnam* v. *Putnam,* 13 Pick. 129, a construction which has been uniformly followed by this court ever since the enactment of the statute in this State. *Roby* v. *Skinner,* 34 Maine, 270; *Brown* v. *Snell,* 46 Maine, 490; *Wing* v. *Ayer,* 53 Maine, 138; *Wallace* v. *Stevens,* 64 Maine, 225; *Dinsmore* v. *Savage,* 68 Maine, 191. And this court will not entertain a bill to redeem from a mortgage of real estate unless the statutory prerequisites have been complied with. *Brown* v. *Snell,* supra. Whitehouse Eq. Practice, § 71.

The bill in this case was filed March, 1894. It is admitted that, since August 13, 1875, the possession of the defendants and those under whom they claim has been adverse. Should the bill be dismissed without prejudice, it would be too late to bring a new bill, even· though the plaintiff was able to prove a tender on her

part, or demand and unreasonable refusal to account, or other default on the part of the defendant, prior to the commencement of this suit. If the facts are such as to support such an allegation, considering that the plaintiff is without remedy unless this bill can be sustained, the plaintiff should be permitted to amend by inserting the necessary allegations.

*Bill retained for amendment.*