## NATHANIEL B. DOE, In Equity,

### *vs.*

### ARTHUR S. LITTLEFIELD, Admr. de bonis non, and the WISCASSET SAVINGS BANK.

### Knox.    Opinion December 5, 1904.

*Equity.   Pleading.   Demurrer.   Mortgage.   R. S., 1903, c. 92, § 15.*

A bill to redeem real estate from a mortgage by virtue of the statute will not be entertained without full compliance on the part of the plaintiff with the statutory prerequisites.

Where the plaintiff in such a bill makes no offer to pay the sum found to be equitably due on the mortgage, and the bill contains no allegation of any prior tender of payment by the plaintiff, or of any neglect or refusal on the part of the defendant to render an account of the amount due as requested by the plaintiff, or that the defendant has "in any other way by his default" prevented the plaintiff from performing or tendering performance of the conditions of the mortgage, the bill cannot be maintained.

Where in a bill to redeem real estate from a mortgage by virtue of the statute, a demurrer must be sustained by reason of the lack of certain essential statutory allegations, the court, in order that the plaintiff may not be without remedy, will grant an amendment introducing such allegations, when it appears that without such amendment a second bill could not be seasonably commenced before the mortgage would be "forever foreclosed."

Exceptions by defendant.   Sustained.

Bill in equity by the plaintiff against the defendant to redeem a mortgage of real estate from a foreclosure commenced by said defendant Littlefield as administrator de bonis non of the estate of Hiram Bliss, late of Washington, deceased.

The defendant Littlefield filed a general demurrer which was over-ruled by the presiding justice, and the defendant excepted.

The causes of demurrer fully appear in the opinion of the court.

*L. M. Staples and L. F. Starrett,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. This is a bill in equity brought by the plaintiff to redeem certain real estate from a purchase-money mortgage given by the plaintiff to Hiram Bliss, the defendant's intestate, May 16, 1896. The defendant demurred to the bill, and the case comes to this court on exceptions to the overruling of the demurrer.

Section 15 of chapter 92, R. S., provides that "any mortgagor . . . . may demand of the mortgagee . . . a true account of the sum due on the mortgage and of the rents and profits and money expended in repairs and improvements, if any; and if he unnecessarily refuses or neglects to render such account in writing, or in any other way by his default prevents the plaintiff from per-forming or tendering performance of the condition of the mortgage, he may bring his bill in equity for the redemption of the mortgaged premises within the time limited in section seven, and therein offer to pay the sum found to be equitably due, or perform any other con-dition as the case may require; and such offer has the same force as a tender of payment or performance before the commencement of the suit; and the bill shall be sustained without such tender."

A bill to redeem real estate from a mortgage by virtue of this statute will not be entertained by this court without full compliance on the part of the plaintiff with these statutory prerequisites. *Brown v. Snell,* 46 Maine, 490; *Munro v. Barton,* 95 Maine, 262. The plaintiff not only fails to make any offer in his bill to pay the sum found to be equitably due on the mortgage, but the bill contains no allegation of any prior tender of payment by the plaintiff, or of any neglect or refusal on the part of the defendant to render an account of the amount due as requested by the plaintiff, or that the defendant

has "in any other way by his default" prevented the plaintiff from performing or tendering performance of the condition of the mortgage. Under such circumstances it has uniformly been held in this state that a bill to redeem cannot be maintained. *Brown* v. *Snell,* 46 Maine, supra; *Dinsmore* v. *Savage,* 68 Maine, 191; *Monro* v. *Barton,* 95 Maine, supra. So in this case in the absence of any amendment to the bill the appropriate mandate would be "exceptions sustained, demurrer sustained, bill dismissed without prejudice." But it appears from the representation in the plaintiff's bill that proceedings to foreclose the mortgage were commenced by the defendant November 10, 1902; and although no copy of the mortgage has been produced for the inspection of the court, and the time within which the mortgage would become "forever foreclosed" is not stated in the plaintiff's bill, it appears to be assumed by counsel that in the event of the dismissal of this proceeding a second bill to redeem could not be seasonably commenced. In order therefore that the plaintiff may not be without a remedy, the cause will be remanded for an amendment to the bill by the introduction of such allegations respecting an offer or tender of payment by the plaintiff, or an unreasonable neglect or refusal to account on the part of the defendant, as the facts in the case may warrant.

> *Exceptions sustained. Demurrer sustained. Cause remanded for further proceedings in accordance with this opinion.*