STEVENS MILLS PAPER COMPANY, In Equity

*vs.*

JAMES E. MYERS, JR.

Androscoggin.    Opinion March 2, 1917.

*Execution Sales.    Right of Redemption.    Time of tender in order to redeem.
General rule of law where tender is made impossible on
account of conditions caused by person to
whom tender must be made.*

In a bill in equity brought under R. S., 1903, Chap. 92, Sec. 16, to redeem from an execution sale of the debtor's rights in real estate, it appeared that the plaintiff, on the day the right of redemption expired and for two days prior thereto, was desirious of redeeming from the execution sale and was prepared so to do. But the defendant, for the express purpose of avoiding a tender of the amount due and thereby of preventing a redemption, left the city where both parties resided, and the State, two days before the right of redemption expired, and remained until the second day after the right expired.

*Held:*

1.  That in these proceedings, the plaintiff must prove a prior tender or payment or such facts as show that the defendant upon demand has unreasonably refused or neglected to render in writing a true account of the sum due upon the mortgage, or has in some other way by his default prevented the plaintiff from performing or tendering performance of the condition of the mortgage.

2.  That when a party designedly absents himself from home for the fraudulent purpose of avoiding a tender, he cannot successfully object that no tender was made.

Bill in equity to redeem from execution sale of interest in real estate. The cause was heard before single Justice on bill, answer and proof. Sitting Justice ruled that the plaintiff was entitled to redeem; from this ruling, defendant appealed. Appeal dismissed. Bill sustained with costs. Decree of sitting Justice affirmed.

Case stated in opinion.

*Donald D. Garcelon,* for plaintiff.

*Oakes, Pulsifer & Ludden,* for defendant.

SITTING: CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

CORNISH, J. On appeal. Bill in equity to redeem from an execution sale of rights in real estate. The sale was made on April 8, 1915. The statutory year of redemption expired on April 8, 1916. This bill was brought under R. S. (1903) Chap. 92, Sec. 16, which reads: "When the amount due on a mortgage has been paid or tendered to the mortgagee or person claiming under him, by the mortgagor or the person claiming under him within the time so limited, he may have a bill in equity for the redemption of the mortgaged premises &c." Such bill, founded on a tender, must be brought within one year after the tender. R. S., Chap. 95, Sec. 20. The rights of debtor and purchaser under an execution sale are the same as between mortgagor and mortgagee, R. S., Chap. 81, Sec. 41.

The defendant contends that this bill cannot be maintained because no tender was actually made within the year.

The decision of the sitting Justice contains this finding of fact:

"I find that the plaintiff corporation on the day the right of redemption referred to in the bill expired, and for two days before, was desirous of redeeming from the execution sale referred to and was prepared to do so. I find that the defendant, for the express purpose of avoiding a tender of the amount due and thereby of preventing a redemption, left the city and the State two days before the right of redemption expired and remained until the second day after the right expired, so that he could not be found by the plaintiff's officers." This finding is based on the unqualified admission of the defendant in his testimony and is not attacked here. The sitting Justice then ruled that under these circumstances the defendant cannot now be heard to say that the tender made on the day of his return was not seasonably made, and he ruled that the plaintiff now has a right to

redeem. This conclusion of law is attacked by the defendant; but it is in accord with sound and well established principles governing the doctrine of tender. This court has laid down the general rule as to preliminary tender in a bill to redeem in these words: "The plaintiff must allege and prove either a prior tender or payment, or such facts as show that the defendant upon demand has unreasonably refused or neglected to render in writing a true account of the sum due upon the mortgage or has in some other way by his default prevented the plaintiff from performing or tendering performance of the condition of the mortgage." *Munro* v. *Barton*, 95 Maine, 262, 264. The last clause applies here. The defendant designedly prevented the plaintiff from tendering performance of the condition of the mortgage by rendering it impossible for him to do so, and a court of equity will not now listen to his plea that the tender was not seasonably made. To do so would be to permit him to take advantage of his own wrong and to defeat the debtor's rights by fraud. Where the debtor has shown a readiness and a reasonable effort on his part to perform the legal duty required of him, and the failure to accomplish it is due to no fault of his own, but to the act of the other party putting it beyond his power, a forfeiture will not be permitted by the court.

To require a tender that has been waived is to require the useless. *Milliken* v. *Skillings*, 89 Maine, 180; *Bowden* v. *Dugan*, 91 Maine, 141; *Pitcher* v. *Webber*, 103 Maine, 101. To require a tender that has been designedly prevented is to insist upon the impossible. *Gilmore* v. *Holt*, 4 Pick., 257; *Southworth* v. *Smith*, 7 Cush., 391; *Noyes* v. *Clark*, 7 Paige Ch., 179; *Schaeffer* v. *Golden*, 237 Pa., 77. Lex non cogit ad vana seu impossibilia.

> *Appeal dismissed.*
> *Bill sustained with costs.*
> *Decree of sitting Justice affirmed.*