MARY E. SWEENEY *vs.* JOHN W. SHAW.

Aroostook.　　Opinion, November 19, 1936.

*Brown and Brown,* for plaintiff.
*Herschel Shaw,* for defendant.

SITTING: DUNN, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.　The plaintiff, the owner of the equity of redemption in certain real estate, has brought a bill in equity in accordance with the provisions of R. S. 1930, Chap. 104, Sec. 15, seeking redemption from a mortgage held by the defendant. The bill contains the usual allegations setting forth the title of the respective parties, and a foreclosure by the defendant. It alleges that on January 3, 1936, the plaintiff demanded an account of the amount due on the

mortgage and offered to pay the same, and that the defendant refused to render such account. It prays for a determination of the balance due and that the defendant be ordered to convey the property to the plaintiff on the payment of the same. The defendant entered a plea alleging that a previous bill of similar import had been filed by the plaintiff in August, 1934, against the defendant; that after a hearing a decree was entered dismissing such bill; that the appeal therefrom to the Law Court was not perfected; and that therefore the present bill should be dismissed. The presiding Justice sustained this plea, ruling in effect that the cause was *res adjudicata*. A decree was entered dismissing the bill and the plaintiff has appealed.

The first bill is made a part of this record. A glance at it shows that it was not brought under the provisions of R. S. 1930, Chap. 104, Sec. 15. It contains no allegation that the plaintiff had asked the defendant for an accounting of the amount due on the mortgage and that the defendant had refused to render the same. It sets forth that the plaintiff offered to pay the defendant the sum of $1,375.98, the amount due, and that the defendant refused to accept it. The plaintiff, if she raised by her first bill any issue cognizable in equity, seems to have proceeded under R. S. 1930, Chap. 104, Sec. 16, which provides for redemption when the amount due on a mortgage has been actually tendered.

The original bill was properly dismissed if the plaintiff failed to show that she had actually tendered to the defendant the correct amount due. Its dismissal does not preclude her from proceeding under the provisions of Section 15 for an accounting and redemption. The second bill now before the Court sets forth an issue quite different from that raised by the first. The plea of *res adjudicata* can not be upheld.

*Appeal sustained.*