PERCY Y. FOGG *vs.* TWIN TOWN CHEVROLET, INC.

Oxford.     Opinion, November 2, 1937.

*Seth May,* for plaintiff.
*Clifford & Clifford,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.    The defendant appeals from a decision by a single Justice on a bill in equity brought to redeem from foreclosure of mortgage certain real estate in the Town of Norway. On March 15, 1928, the mortgage was given by the then owners, Stone and Mc-

Daniels, to the Norway National Bank, assigned by it on July 21, 1931, to the Casco Mercantile Trust Company of Portland, and by the latter to the defendant on October 8, 1935. The Casco Mercantile Trust Company had started foreclosure proceedings in which the date of the first publication of notice was August 9, 1935.

On April 24, 1934, McDaniels deeded his half interest in the equity to Stone, who conveyed to the plaintiff on August 8, 1936.

The right to redeem mortgaged real estate appears in two sections of our statutes, viz., 15 and 16 of Chapter 104, R. S. 1930. At common law, the mortgagor had no estate after breach. The right to redeem was created by chancery. *Wilkins* v. *French et al.*, 20 Me., 111, 116; *Kennebec & Portland Railroad Company* v. *Portland & Kennebec Railroad Company*, 59 Me., 9, 28, *et seq.* Our present statutes were first enacted in 1837. Chapter 286, P. L. 1837. The redemptioner must bring himself within them. *Brown* v. *Snell*, 46 Me., 490, 496. The bill must be brought in accordance therewith. *Wing* v. *Ayer et al.*, 53 Me., 138, 142. It "will not be entertained by this Court without full compliance on the part of the plaintiff with these statutory prerequisites." *Doe* v. *Littlefield*, 99 Me., 317, 318, 59 A., 438; *Munro* v. *Barton*, 95 Me., 262, 264, 49 A., 1069.

In general, Section 15 provides for an accounting and redemption, while Section 16 for redemption when the amount due on the mortgage has been paid or actually tendered. *Sweeney* v. *Shaw*, 134 Me., 475, 188 A., 211.

The plaintiff brought this bill under Section 15. Thereby it is provided that such a bill may be brought "in equity for the redemption of the mortgaged premises within the time limited in Section seven . . . ." Section 7 permits redemption of "mortgaged premises within one year after the first publication . . ." of the notice of foreclosure and then states "and if not so redeemed, his right of redemption is forever foreclosed." As already stated, the first publication of this notice was on August 9, 1935, and consequently the one year for redemption expired on August 9, 1936 (this bill was not brought until August 10, 1936), unless, as claimed by the plaintiff, the fact that the last day of the year for redemption was a Sunday extended the time one day. If so, the bill was brought timely; otherwise, not.

In *Oakland Manufacturing Company* v. *David Lemieux and Land and Buildings*, 98 Me., 488, 57 A., 795, it was held that when the last day of the ninety (in which to commence an action to enforce a lien upon land and buildings for materials furnished) falls upon Sunday, an attachment upon the following Monday is not seasonably made. The Court cited *Aldermen* v. *Phelps*, 15 Mass., 225 (decided when Maine was a part of the Commonwealth of Massachusetts and so now having the force of decision in this state) and quoted this language from it:

"The statute has limited the lien formed by the attachment on mesne process to thirty days from the rendering of the judgment. It is not for this Court to extend the term ; nor do we see any reason why the last day of the thirty should be excluded because it happens to be Sunday, rather than any or all of the Sundays during the time limit."

It also cited *Haley* v. *Young*, 134 Mass., 364, in which it was held that if the last day of the three years limited by the statute for the redemption of land from a mortgage falls on Sunday, a tender of the amount due upon the mortgage upon the following day is too late. *Haley* v. *Young*, supra, was approved in *Stevenson* v. *Donnelly*, 221 Mass., 161, 163, 108 N. E., 926, and remained law in Massachusetts until abrogated by statute. Mass. G. L., c. 4, Sec. 9 ; *Grant* v. *Pizzano*, 264 Mass., 475, 477, 163 N. E., 162. Our Court in *Oakland Manufacturing Company* v. *Lemieux and Land and Buildings*, supra (see page 490), said:

"We are satisfied with the rule laid down in these cases. When a statute requires an act to be done within a certain number of days which must include one or more Sundays, if the last day happens to fall on Sunday, no good reason is perceived why that Sunday should be excluded and the others included. It is fair to presume that if the Legislature had intended such a result it would have expressed that intention in unmistakable terms, as it expressed its intention in regard to days of grace when they were allowed in this State."

It clearly distinguished *Cressey* v. *Parks*, 75 Me., 387, holding

that the time was so extended with relation to the statute providing for sales on distress for taxes, and stated:

"The Legislative intention to exclude Sunday in such cases is shown by the statute, which does not permit a sale to be made before or after the four days, but only upon the fourth day. Such a case differs widely from one in which the act may be done upon any day of a long period of time which necessarily includes one or more Sundays."

Section 20, Chapter 104, R. S. 1930, provides:

"No bill in equity shall be brought for redemption of mortgaged premises, founded on a tender of payment or performance of the condition made before commencement of the suit, unless within one year after such tender."

Sections 15, 16 and 20 of Chapter 104, R. S. 1930 were numbered respectively 14, 15 and 19 in Chapter 90 of the Revised Statutes of 1883. Referring to the 1883 revision, this Court in *Brown* v. *Lawton*, 87 Me., 83, 32 A., 733, 735, said:

"Under § 14 of c. 90, the bill must be filed before the time for redemption has elapsed. Under § 15 tender or performance of condition must be made during that time, and the bill may be brought at any time within the year named in § 19."

We hold that the last day being Sunday did not extend the one year period of redemption.

But, contending that the defendant designedly and wrongfully prevented him from redeeming within one year, the plaintiff relies upon the decision in *Stevens Mills Paper Company, In Equity* v. *James E. Myers, Jr.*, 116 Me., 73, 100 A., 11, in which in an action to redeem under Section 16 it was held that where "the defendant designedly prevented the plaintiff from tendering performance of the condition of the mortgage by rendering it impossible for him to do so," a Court of Equity would not "listen to his plea that the tender was not seasonably made." In the instant action, based on Section 15 providing for an accounting and redemption, neither the plaintiff nor anyone in his behalf made any demand whatever

for an accounting. Had that been done, and had there been an unreasonable refusal or neglect upon the part of the defendant to render such account in writing, the bill would have been maintainable within the year without tender; and, under the doctrine of the *Paper Company Case,* supra, had the defendant designedly prevented the plaintiff from making a demand for an accounting within the year, he would not have been permitted to say that there had been no demand for an accounting. The facts, however, fail to show fraudulent conduct upon the part of the defendant which prevented the plaintiff from making the demand. As already stated, no demand whatever was made by the plaintiff. The previous demand by the plaintiff's predecessor in title does not enure to the benefit of the plaintiff.

*Appeal sustained.*
*Decree below reversed.*