PERCY Y. FOGG *vs.* TWIN TOWN CHEVROLET, INC.

Oxford.        Opinion, April 29, 1938.

*Seth May*, for plaintiff.
*Clifford & Clifford*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J. This bill in equity to redeem certain real estate from a mortgage is before the Court on report. As originally drafted it was brought under the provisions of R. S. 1930, Chap. 104, Sec. 15, which provides for an accounting to determine the balance due on a mortgage and for redemption on payment of the amount found to be due. This Court held that the plaintiff's proof did not bring him within the provisions of Sec. 15 because it did not appear that he had made demand for an accounting and that there had been an unreasonable refusal or neglect to render an account. It was also decided that the suit had not been filed within the time limited for bringing a bill under Sec. 15. *Fogg* v. *Twin Town Chevrolet, Inc.*, 135 Me., 260, 194 A., 609. The mandate of the Law Court did not, however, order that the bill should be dismissed, and it was left pending on the docket of the Supreme Judicial Court in the County of Oxford. In this stage of the case the plaintiff filed a motion to amend the bill by inserting an allegation that he had on August 8th, 1936, the day before the right of redemption would have expired, offered to tender the amount due on the mortgage to William H. Clifford, who was alleged at that time to have been the attorney of the defendant and authorized to receive such payment, and that on the refusal of such attorney to accept the same, the plaintiff had been unable to make tender to the officers of the corporation because, on that date and during the day following, they had intentionally absented themselves and had gone to parts unknown. The proffered amendments contain an allegation that the plaintiff is ready and willing to pay the amount which the court shall find to be due, and there is a prayer that he may be permitted to redeem on payment of such sum. The presiding Justice granted the motion to amend to which ruling an exception was taken. By consent of the parties and under a stipulation agreed to

by each side the case is reported to the Law Court to determine (1), whether such amendment is allowable; (2), whether the plaintiff is entitled to redeem under the provisions of R. S. 1930, Chap. 104, Sec. 16, under the terms of which he now claims his bill to have been brought; (3), if the plaintiff is entitled to redeem, whether he is entitled to a credit of $630.00 which is described in the stipulation; (4), if he is entitled to redeem, whether he is entitled to credit for rents and profits from the time the defendant took possession under the mortgage; and (5), if he is not entitled to such credits, how the amount due is to be determined.

The plaintiff has lost his right to redeem if he bases it on the provisions of Sec. 15, for the time within which he could maintain a bill under this section expired August 9, 1936. R. S. 1930, Chap. 104, Sec. 15; *Fogg* v. *Twin Town Chevrolet, Inc.*, supra. The bill was not filed until the next day. The limitation within which the bill may be maintained under Sec. 16 is one year from the date of tender. R. S. 1930, Chap. 104, Sec. 20. This expired August 9, 1937. If, therefore, the plaintiff may amend his bill as he seeks to do, he is not barred by reason of any statutory limitation.

A decree dismissing a bill brought under one section does not determine the right to bring one under the other. *Sweeney* v. *Shaw*, 134 Me., 475, 188 A., 211. It does not, however, follow that a bill brought under one section may not be amended to come under the terms of the other.

The remedies to enforce a right of redemption are prescribed by R. S. 1930, Chap. 104, Secs. 15 and 16; and a bill in equity to redeem from a mortgage will not be entertained unless these statutory provisions have been complied with. *Munro* v. *Barton*, 95 Me., 262, 49 A., 1069; *Fogg* v. *Twin Town Chevrolet, Inc.*, supra. Sec. 16 provides for redemption when the amount due on the mortgage has been paid or tendered. Sec. 15 authorizes a bill for an accounting and redemption if the mortgagee has unreasonably refused or neglected to render an account or has in any other way by his default prevented the plaintiff from performing or tendering performance.

Sec. 16 has its genesis in P. L. 1821, Chap. 29, which provided for redemption within three years after entry on payment by the one having the right to redeem of the amount due, or without such

payment if the mortgagee or those holding under him refused to accept a tender. On such a bill the court was empowered to enter judgment agreeably to equity and good conscience; and in case of a refusal by the mortgagee or his assigns to accept such sum as should be found to be due and to restore possession and to execute a release, the court was directed to enter judgment for the complainant to recover possession of the estate on the money being left in the custody of the court for the use of the party entitled to the same. This statutory provision made effective in Maine the procedure which had been followed prior to the separation from Massachusetts. It was soon found, however, that too great a burden was cast on the mortgagor or his assignee who was forced to determine at his peril the amount due on the mortgage. See *Tirrell* v. *Merrill*, 17 Mass., 117, 121.

Accordingly in 1837 the legislature authorized the court to entertain a bill for redemption, if brought within three years after entry, provided the holder of the equity offered to pay the sum found due, and provided the mortgagee or those claiming under him had on request refused or neglected to render a true account. The same enactment also authorized a bill to redeem on payment or tender of payment of the amount due on the mortgage whether entry had been made or not provided the suit was commenced within three years after such payment or tender of payment. P. L. 1837, Chap. 286. These same provisions appear in substance in the revision of the statutes of 1841. R. S. 1841, Chap. 125, Secs. 16 and 17. In the revision of 1857 we find the same clauses which we have today. R. S. 1857, Chap. 90, Secs. 13 and 14.

From the history of these enactments it appears that the legislature in 1821, almost coincident with the establishment of the judicial system in the state, gave to the mortgagor of real estate or to those claiming under him a remedy in equity to compel a reconveyance if the mortgage had been paid or the amount due tendered. This statute did not create a new right, but rather a remedy for the enforcement of an existing right. The statute of 1837 merely broadened this remedy so that, in case of a refusal to account, the mortgagee could be forced to do so and to reconvey on payment of the amount found to be due after such accounting. The distinction between rights and remedies is of real importance in determining whether a

proposed amendment presents a new cause of action, the introduction of which the court is reluctant to permit after a hearing. Whitehouse, Equity Pleading and Practice, 1st ed., sec. 411. An amendment will ordinarily be allowed, if its aim is merely to seek an added remedy for an established right. An excellent discussion of the subject may be found in *Anderson* v. *Wetter*, 103 Me., 257, 69 A., 105. See also *Milner* v. *Stanford*, 102 Ala., 277, 14 So., 644; *Gray* v. *Inhabitants of Everett*, 163 Mass., 77, 39 N. E., 774.

In equity amendments are even more freely allowed then at law. Whitehouse, Equity Pleading and Practice, 1st ed., page 441, note; and in analogy to the practice at law an amendment such as is here proposed can properly be allowed. *Perrin* v. *Keene*, 19 Me., 355; *State* v. *Folsom*, 26 Me., 209; *Holmes* v. *Robinson Manufacturing Company*, 60 Me., 201. Furthermore, equity has always been liberal in permitting the amendment of a bill where such a course will prevent a forfeiture or an inequitable result. *Munro* v. *Barton*, supra; *Doe* v. *Littlefield*, 99 Me., 317, 59 A., 438.

Each of these last two cases involved a bill to redeem real estate from a mortgage. In the first, *Munro* v. *Barton*, the plaintiff failed to allege facts entitling her to redeem under either section of the statute. The court directed that the bill should be retained for amendment. As a reason for this the opinion says, 95 Me., 262, at pages 264, 265, 49 A., 1069: "Should the bill be dismissed without prejudice, it would be too late to bring a new bill, even though the plaintiff was able to prove a tender on her part, or demand and unreasonable refusal to account, or other default on the part of the defendant, prior to the commencement of this suit. If the facts are such as to support such an allegation, considering that the plaintiff is without remedy unless this bill can be sustained, the plaintiff should be permitted to amend by inserting the necessary allegations." The second case, *Doe* v. *Littlefield*, is to the same effect.

The authorities clearly indicate that the allowance of the amendment in this case was proper. No valid reason appears to justify a contrary ruling.

The defendant maintains that the plaintiff is not entitled to redeem, because the mortgage was not paid nor the amount due tendered to the mortgagee or those claiming under him as required by R. S. 1930, Chap. 104, Sec. 16, under which the bill as amended has now been brought.

On August 8, 1936 the plaintiff purchased the equity of redemption from the then owner, W. L. Stone, one of the two original mortgagors. It is not controverted that on August 1, 1936 the defendant through its attorney and director, William H. Clifford, had given to the attorney for Stone a statement showing a balance due on the mortgage of $2625.59. This attorney, Mr. May, had also been informed by the officials of the defendant company that the firm of Clifford & Clifford, of which William H. Clifford was a partner, had entire charge of the whole matter. After efforts to locate the officials of the company in order to make a tender, Mr. May on Saturday, August 8th, called Mr. Clifford, who was on his vacation, by telephone and informed him that the plaintiff was prepared to pay the balance due based on the figures previously given. Mr. Clifford said that it would be useless to make a tender to him because he did not feel that he was authorized to accept payment. In the short time remaining on Saturday and Sunday, August 8th and 9th, the plaintiff tried again to get in touch with the officers of the company but was unable to find them. The plaintiff did all that could reasonably be expected. He was entitled to rely on the statement made to his grantor by the officials of the defendant that Mr. Clifford was their representative. Whether the president and treasurer of the company had purposely absented themselves so that a tender could not be made is immaterial. The effect of their conduct was the same as if they had done so. Under the circumstances the necessity of a tender was excused. The plaintiff was not obliged to go through the idle ceremony of tendering to Mr. Clifford in view of his statement that he would not accept the money. To preserve his rights, the plaintiff was not required to do what would have been useless. *Stevens Mills Paper Company* v. *Myers*, 116 Me., 73, 100 A., 11. The language of the court in this case, 116 Me., page 75, 100 A., 11, is applicable here: "Where the debtor has shown a readiness and a reasonable effort on his part to perform the legal duty required of him, and the failure to accomplish it is due to no fault of his own, but to the act of the other party putting it beyond his power, a forfeiture will not be permitted by the court."

It was unnecessary for the plaintiff to keep his tender good by depositing the money in court. The statute under which this proceeding is brought does not require such payment, nor is it neces-

sary in order to settle the rights of the parties; for a decree in equity can make the reconveyance by the defendant contingent on the payment of the amount due. Furthermore the original enactment of 1821 apparently contemplated the payment of money into court prior to the entry of final decree and not as a condition precedent to the bringing of the bill. P. L. 1821, Chap. 39, Sec. 2.

Is the plaintiff entitled to an accounting on Sec. 16 or is he bound by the amount claimed by the defendant to be due, which the plaintiff was ready to tender?

Though it is true that under the enactment of 1821 the one holding the equity of redemption was obliged at his peril to tender or offer to tender at least the amount due, yet that statute provided that if more should be paid than was justly due, the person receiving the same should be held to account for the excess. P. L. 1821, Chap. 39, Sec. 6. Furthermore it is apparent from Sec. 2 of the same act that under appropriate circumstances an accounting was contemplated. Sec. 23 of our present law, which unquestionably has reference to proceedings under Sec. 16, provides similarly for an accounting of rents and profits and for a refund of any excess which the mortgagee or those claiming under him may have received. It is therefore clear that from 1821 to the present time an accounting under Sec. 16 is authorized as incidental to the relief there provided for. That Sec. 15 also gives to the holder of the equity of redemption a right to an accounting does not modify in any way the procedure under Sec. 16.

We therefore come to the determination of the amount due on the mortgage, on the payment of which the plaintiff is entitled to a reconveyance.

The defendant purchased an overdue note and mortgage, which was in fact already in process of foreclosure. Under such circumstances it received no greater right than its assignor had and was subject to any claim with respect thereto which could have been validly asserted against the assignor. *Sprague* v. *Graham,* 29 Me., 160; Jones on Mortgages, 8th ed., sec. 1066; 41 C. J., 697.

It is stipulated that the amount claimed by the defendant as due on the mortgage on January 5, 1937 is $2402.23. The amount admitted by the plaintiff as due on that date is $1726.71. The difference between these involves the application of certain rental

payments and an allowance for rents and profits, the amounts of which are not in dispute.

On October 18, 1933 the mortgagors leased the premises to the defendant for two years from November 1, 1933 at a rental of $30.00 per month. About six months later McDaniels, one of the mortgagors, quitclaimed his interest to his co-owner. This rent, under an agreement between the parties and the Conservator of the Casco Mercantile Trust Company, which was the owner of the mortgage, was to be paid to the bank and to be credited on the mortgage. On October 8, 1935, two months after publication of notice of foreclosure, the Conservator assigned the note and mortgage to the defendant. To the date of that assignment there had been paid to the Conservator $690.00 in rentals but only $60.00 of these had been credited on the mortgage note in accordance with the agreement. The balance of $630.00 was credited on an unsecured indebtedness to the bank. Unquestionably in accordance with the terms of the stipulation which has been filed, the mortgagors, Stone and McDaniels, and Stone, who bought out the interest of his co-owner, were entitled to have the rental payments credited on the mortgage note. To this extent the note had been paid. On October 8, 1935, on buying the mortgage from the bank, the defendant took it subject to the right of the mortgagor, Stone, to a credit of $630.00, and the plaintiff, on buying the equity from Stone, had the same right which Stone had to such credit. The defendant not only took the overdue note subject to equities, *Sprague* v. *Graham*, supra, but had actual knowledge of the agreement with respect to the credit of the rentals. From October 8, 1935 the defendant was in the position of a mortgagee in possession and is obliged to account for the rents and profits which in this case we think can fairly be assessed at $30.00 per month.

As the parties agree, that on this interpretation of their rights the amount due on the mortgage on January 5, 1937 was $1726.71, we hold that the plaintiff is entitled to redeem the property on the payment of this amount plus interest thereon at six per cent from January 5, 1937 to the date of redemption, less a sum equivalent to the rent at $30.00 per month from that time to the date of redemption.

The case is remanded for a decree in accordance with this opinion. *So ordered.*